[No. 2,937.]

## JACOB DAVIDSON *v.* DENNIS JORDAN.

<div style="float:right;border:1px solid">47 351<br>79 238</div>

DEFENSE TO NOTE ON ACCOUNT OF FALSE REPRESENTATIONS.—A promissory note given for a mining claim cannot be avoided on the ground of false and fraudulent representations as to the value of the claim, made by the seller, unless the seller knew or had reason to believe that the representations were untrue. If the seller did not profess to have personal knowledge of the mine, or of the matters in respect to which the false representations were made, but merely communicated information he had received from others, and so stated, the representations are not false and fraudulent in a sense to avoid the note.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

Action brought on the following promissory note:

"SAN FRANCISCO, July 1st, 1869.

"On or before the 1st day of April, A.D. 1870, without grace, for value received, I promise to pay to the order of myself, twenty-five hundred dollars, in United States gold coin, with interest from date till paid, at the rate of one per cent. per month—interest payable monthly.

"D. JORDAN."

The note was given in purchase of an interest in the "Stirling Mine," in Arizona Territory. The defendant recovered judgment in the Court below, and the plaintiff appealed.

The other facts are stated in the opinion.

*George & Loughborough,* for Appellant.

The defendant should have shown by his answer and evidence that he had the right to rely upon Frank's representations, that he did in fact rely upon them, that he placed a known confidence in them, that they were not a mere expression of opinion or information, that he was misled to his injury, that his loss was not attributable to his own folly, that he was guilty of no laches, but promptly notified Frank of his intention to rescind the contract, and either that the stock was worthless, or that he offered to transfer it to Frank. (*Smith* v. *Richards,* 13 Peters, 26; *Gifford* v. *Carvill,* 29 Cal. 589; *Fratt* v. *Fiske,* 17 Cal. 380; 2 Parson's Con. 767 *et seq.;* 1 Story's Eq. § 195 *et seq.;* 1 Story's Con. § 497 *et seq.*)

*Parker & Roche,* for Respondent.

By the Court, RHODES, J.:

The defense relied upon to defeat a recovery upon the promissory note in suit, is the alleged false and fraudulent representations of Frank, the plaintiff's assignor. It appears from the testimony of the defendant, that Frank, in representing the value of the mine, the amount and value of the ore extracted and on hand, the supply of water and abundance of wood for the working of the mine, and other matters affecting the value of the mine, spoke upon information received from other persons; that he gave the defendant the names of the persons who had communicated the information to him; and that those persons, in conversation with the defendant, corroborated all the statements made by Frank. Frank did not profess to have seen the mine, or to have any personal knowledge of its value, or of any of the

matters in respect to which the false representations are alleged to have been made, but he merely communicated the information he had received from others, and so stated to the defendant. Representations made in that manner cannot be said to be false or fraudulent unless Frank knew, or had reason to believe them to be untrue, and there is no evidence in the case inculpating him in that respect.

This view of the case renders it unnecessary to consider the other points presented by counsel.

Judgment and order reversed, and cause remanded for new trial. Remittitur forthwith.