DETERMINED IN

# THE SUPREME COURT

OF THE

# STATE OF CALIFORNIA.

[No. 12227.   Department One. — October 1, 1889.]

## J. F. NOUNNAN ET AL., APPELLANTS, v. SUTTER COUNTY LAND COMPANY, RESPONDENT.

FRAUDULENT REPRESENTATIONS — STATEMENT OF MATTERS OF OPINION. — Statements of mere matters of opinion, although false or erroneous, are not sufficient grounds for an action for damages.

ID. — CONTRACT TO EXCAVATE AND CONSTRUCT LEVEE — REPRESENTATIONS AS TO NATURE OF SOIL AND AMOUNT OF MATERIALS. — Upon a construction of the contract in question, held, that the representations made by the defendant to the plaintiffs as to the nature of the soil to be excavated, and the number of cubic yards in the levee which they contracted to construct, were mere expressions of opinion with reference to matters equally within the power of both of the parties to ascertain and determine, and were not regarded as material or relied on by the plaintiffs.

ID. — CONTINUANCE OF WORK AFTER DISCOVERING FRAUD — WAIVER OF DAMAGES. — One who contracts to do certain work at a specified price, by continuing to perform the contract at the contract price after discovering the falsity of certain representations made to him as to the amount and kind of the work, thereby waives the fraud, and cannot afterwards hold his employer liable in damages for the fraudulent representations.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

LXXXI. CAL.—1

*Craig & Meredith*, for Appellants.

*W. W. Cope*, and *James Wheeler*, for Respondent.

WORKS, J. — This is an action for damages for fraudulent representations alleged to have been made by the respondent to induce the appellants to enter into a contract to construct a levee upon the lands of the former. A demurrer to the complaint was sustained, and the plaintiffs refusing to amend, judgment was entered in favor of the defendant. From this judgment the plaintiffs have appealed. Several grounds were stated in the demurrer, but the only one discussed here is that the complaint did not state facts sufficient to constitute a cause of action.

The representations relied upon as fraudulent are thus stated in the complaint: —

" That on the thirteenth day of August, 1884, at said city and county, the defendant represented to the plaintiffs that the defendant wished the plaintiffs to construct a certain levee upon the lands of the defendant in the county of Sutter. The defendant, in order to induce the plaintiffs to do the said work, represented to them that the amount of earth measured in excavation, necessary to be placed upon said levee in order to construct the same, was three hundred and fifty thousand cubic yards. The defendant further represented to the plaintiffs that the character of the earth along the line of said levee was light, sandy loam, and that it was good scraper material. The plaintiffs then stated to the defendant that if the quantity exceeded three hundred and fifty thousand cubic yards, or if the adjacent earth varied from that stated, they would not do the said work, and proposed to go upon the ground and examine the same. Thereupon the defendant dissuaded and prevented them from doing so, and said that the plaintiffs could entirely rely on the accuracy of said statements. The defendant

stated to the plaintiffs that the defendant had made a careful survey and measurement of said work, and had fully informed itself of the character of the said material. Both and all of said representations were made with the intent to induce the plaintiffs to enter into the contract hereinafter mentioned. The plaintiffs relied upon the said representations, and were induced by them to abstain from examining the premises. The premises are about one hundred and fifty miles from San Francisco, and it would have required many days of examination, surveys, and measurements to have ascertained the truth or falsity of said representations."

It is alleged that the plaintiffs relied, and had a right to rely, upon these representations, and that they were thereby induced to enter into the contract without investigating for themselves the matters about which the representations were made.

The contract is set out in the complaint, and bound the plaintiffs to construct a certain levee on the lands of the defendant, for which they were to be paid twelve cents per cubic yard of excavation. The contract was executed August 15, 1884. Estimates were to be made at the end of each month, and seventy-five per cent of the amount of the estimates to be paid on the seventh day of each month, the balance of twenty-five per cent to be paid ten days after the satisfactory completion of the contract, and the engineer's approval of the work, and acceptance by the board of directors of the defendant, but if the work should not be completed by the 1st of the following December the twenty-five per cent was to be forfeited, unless the contractors were prevented in the due prosecution of their work by either providential acts or causes beyond their control, in which case a proportional time was to be allowed for such stoppages.

After setting out the contract, the complaint further alleges:—

"Both of the said representations were material, and neither of them was a matter of opinion merely. The materiality of the first-mentioned representation consisted in this, that the said work could not be prosecuted during the rainy season, and the then approaching rainy season did not afford more, or but very little more, than sufficient time to construct a levee of three hundred and fifty thousand cubic yards. And if the said levee should be in an incomplete condition when the rain should set in, then, by reason of overflow of the land, the partially constructed levee would be destroyed. And, in addition to this, the plaintiffs only had a capital of about six thousand dollars, and the same would be exhausted in constructing a levee exceeding three hundred and fifty thousand cubic yards. 2. That said representations were material, in this, that the materials of the character mentioned can be moved with less expense and labor and with greater rapidity than any other kind.

"That both of said representations were untrue. The fact was that the cubic contents of the said levee were such that it required five hundred thousand cubic yards as aforesaid to construct it; and the character of said adjacent earth was, except very near the surface, stiff adobe, and to a great extent hard-pan, both of which are more difficult to remove than light, sandy loam.

"The defendant at said time had reasonable ground to believe, and did believe, that both of said representations were not true, and to believe, and did believe, the facts to be as hereinabove set forth.

"Thereupon the plaintiffs entered upon the performance of said work, and in so doing they removed four hundred thousand cubic yards of earth, and placed the same on said levee. But they did not know that they had removed so great a quantity, because they had not measured or surveyed the same, and the surveyor mentioned in said contract had not done so.

"That as said work proceeded it was at first of the

character represented, but the same became harder as the plaintiffs progressed, but the plaintiffs did not discover the said fact until they had placed about two hundred thousand cubic yards on said levee. And afterward, although the material became harder and more of the character of adobe, plaintiffs continued to believe that the quantity of such hard material would be but small, relying upon the statement of the defendant.

"On or about the tenth day of December, 1884, the plaintiffs discovered, and the fact was, that nearly all of the earth still necessary to be removed in order to complete said levee was very stiff adobe and hard-pan. They had already been delayed by the occasional appearance of said material. It became and was impossible thus to complete said levee. There still remains one hundred thousand cubic yards unfinished, although this latter fact the plaintiffs did not discover until on or about the sixteenth day of December, 1884.

"On the said sixteenth day of December, the plaintiffs, by reason of the matters aforesaid, quit work under said contract, abandoned the same, and declared to the defendant that they did abandon and repudiate the same, and have ever since done so, and they demanded of defendant the reasonable value of the work done. The reasonable value of the said work was $57,120, and the plaintiffs admit that they received from defendant, in the premises, $36,350. But the same was paid before the plaintiffs discovered any of the facts regarding quantity and quality.

"The capital of the plaintiffs was wholly exhausted in the performance of said work.

"The plaintiffs have been damaged in the premises in the sum of twenty thousand seven hundred dollars.

"And therefore the plaintiffs pray judgment against the defendant in the sum of twenty thousand seven hundred dollars and costs."

It will be seen that there are two representations re-

lied upon, viz., that the amount of earth in excavation necessary to construct the levy was three hundred and fifty thousand cubic yards, and that the character of earth along the line of said levee was light, sandy loam and good scraper material.

It is contended by the respondent, in support of the ruling of the court below, that neither of these were representations as to a material fact, but were matters of opinion, and were immaterial. If this be so, the complaint was insufficient, unless there are other allegations sufficient to take this case out of the general rule that the statement of mere matters of opinion, although false or erroneous, are not sufficient ground for an action of damages. (Civ. Code, sec. 1710; *Rendell* v. *Scott,* 70 Cal. 514; *Lawrence* v. *Gayetty,* 78 Cal. 126.) It is quite clear, we think, that both of these statements were mere expressions of opinion with reference to matters equally within the power of both of the parties to the contract to ascertain and determine for themselves. (*Chapman* v. *Schillito,* 7 Beav. 146; *Southern Div. Co.* v. *Silva,* 125 U. S. 247; *Watts* v. *Cummins,* 59 Pa. St. 88.)

It is evident from the contract itself that the plaintiffs did not regard either of these representations as material, and that they did not rely upon them. They could have protected themselves against both of the contingencies covered by the representations by their contract. They were, by the terms of the agreement, to have a fixed sum per cubic yard for the work. Therefore the amount of earth necessary to be moved in order to complete the work was immaterial, except that they were required to have the same completed within a certain time, or forfeit a part of their compensation. They could easily have guarded against this by providing that if the work overran the quantity named, a longer time should be allowed them. As to the representation that the material was of a kind that would be easily worked, they could have protected themselves by providing that for that class of work

they should have twelve cents per cubic yard, and for more difficult or expensive material to handle, a greater sum. To have inserted such provisions in the contract would have been but an act of common prudence. If they had regarded these matters as material, and contracted with reference to them, they would no doubt have been inserted.

Treating these as a part of the negotiations leading up to and forming the basis of the contract, we must presume that the entire negotiations of the parties were included in the written contract as executed, and so presuming we must hold that they were bound to move the earth contracted to be handled, and to do it within the time named, without reference to its quantity or quality. (Civ. Code, sec. 1625; *Pickering* v. *Dowson,* 4 Taunt. 779.) This was their contract. Treating them as mere representations made to induce the making of the contract, the contract itself furnishes sufficient evidence of the fact that they were not relied upon, and were not regarded by the plaintiffs as material. Besides, so far as both the quantity and quality of the material were concerned, the complaint shows a waiver on the part of the plaintiffs of the right to contest the contract on that ground. They did not stop work when they found the material to have been different from the kind represented, but kept on with the work long after such discovery. Nor did they stop work when they had handled three hundred and fifty thousand cubic yards of earth. This shows that they must have been willing to handle the kind of material they found, and in a greater quantity than the defendant had represented to be necessary at the price named in their contract. Having continued on after they must have known that the alleged representations were fraudulent, we must presume that they were willing to and did waive the fraud, with the hope, we suppose, of again finding a soft spot of earth. Having taken this risk, and made the defendant liable for

the work done, after they discovered the alleged fraud, at the contract price, it was then too late to recover on the ground that such representations had been fraudulently made. (*Blen* v. *Bear River etc. W. & M. Co.*, 20 Cal. 602, 614; 81 Am. Dec. 132; *Saratoga etc. R. R. Co.* v. *Row*, 24 Wend. 73; 35 Am. Dec. 598; *Masson* v. *Bovet*, 1 Denio, 69.)

For these reasons the complaint was bad, and the demurrer to it was properly sustained.

Judgment affirmed.

Fox, J., concurred.

PATERSON, J., concurring. — I concur. It is clear that the plaintiffs did not rely upon any statement as to the number of cubic yards which would be required in the construction of the levee. The contract itself shows that the dimensions of the levee were subject to the direction of the engineer. It provides: "The levee will be formed in layers of such uniform depth, and the materials disposed of and distributed in such manner, as the engineer may direct. . . . . The levee is to be built six feet wide on top, *unless otherwise directed*, with slopes of four horizontal to one vertical on the inside."

The other subject is well disposed of by Mr. Justice Works in holding that, so far as the quality of the material was concerned, it is clear that the plaintiff cannot complain. The complaint charges that the defendant represented to plaintiffs that it had made a careful investigation, and fully informed itself of the character of said material; that this representation was made with the intent to induce plaintiffs to enter into the contract, and that they were induced by the representations to abstain from examining the premises. Under these circumstances, I think the plaintiffs would have had a cause of action against the defendants if they had stopped work and rescinded the contract promptly when they found the material was different in kind from that which

was represented. This they did not do, and they must be held to have been willing to excavate the kind of material they found in a greater quantity than the defendant had represented to be necessary. Having continued on, it must be conclusively presumed that they did so at their own risk.