[S. F. No. 1602. Department One.—January 26, 1901.]

HENRY W. TAYLOR, Appellant, v. C. D. FORD, Respondent.

CANCELLATION OF NOTE—CROSS-COMPLAINT TO ENFORCE NOTE—REFUSAL TO PERMIT AMENDED ANSWER—HARMLESS RULING.—In an action to cancel a promissory note, the refusal to permit an amended answer to be filed by the plaintiff to a cross-complaint to enforce the note is harmless where the additional matter alleged therein was permitted to be fully proved upon the trial, and upon the entire evidence a verdict was properly rendered for the cross-complainant for the amount due upon the note.

ID.—FAILURE OF CONSIDERATION—SALE BY PARTNER TO COPARTNER—GUARANTY OF BOOK ACCOUNTS—CONFLICTING EVIDENCE—SUPPORT OF VERDICT.—Where such note was part consideration for the purchase by plaintiff of defendant's interest in a lumber firm, and the evidence showed a good and valuable consideration for the note, and was substantially conflicting upon the question whether the accounts forming part of the consideration were falsely represented to be collectible, and were guaranteed to be so, the verdict against the contention of plaintiff that there was a failure of consideration is sufficiently supported.

ID.—VALUE OF BOOK ACCOUNTS—OPINION—MISTAKE—FALSE REPRESENTATION.—Statements made as to the value of book accounts

upon a sale by one partner to another of his interest in the firm could not amount to more than an opinion, which cannot support the defense either of mutual mistake or false representation to a note given for the purchase money, or justify a rescission or cancellation thereof upon those grounds.

ID.—COERCION — THREAT TO SELL INTEREST IN VIOLATION OF CONTRACT.— The threat of a partner to sell his interest to a stranger in violation of the contract for a five years' partnership, does not amount to coercion in law, of a purchase made by his copartner, and is not a defense to a note given therefor.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. John Hunt, Judge.

The facts are stated in the opinion of the court.

Charles F. Hanlon, for Appellant.

Martin Stevens, and Bishop & Wheeler, for Respondent.

VAN DYKE, J.—This action was brought to compel defendant to set forth the nature and extent of his claim on a certain promissory note purporting to have been executed by plaintiff to defendant, and to have the same determined by the court to be of no force and validity.

Plaintiff and defendant were partners in the lumber business in West Berkeley, and defendant sold his interest in the business and property of the partnership to the plaintiff, and received the promissory note in suit as part payment on the sale. The note originally was for the sum of $8,509.87, and was given in accordance with a contract previously entered into between the parties, which contract reads as follows:

"This agreement made this twenty-fifth day of August, 1885, between C. D. Ford, party of the first part, and H. W. Taylor, party of the second part, witnesseth:

"That whereas the said parties have been heretofore associated as equal partners under the firm name of Ford and Taylor (sometimes known as the West Berkeley Lumber Company), and, whereas, the said parties are desirous of dissolving the said partnership and of transferring the interest of the said party of the first part in the property of said partnership to the said party of the second part:

"Now, therefore these presents witnesseth that the said partnership be, and the same is hereby, dissolved, to take effect on the first day of August, 1885.

"That an inventory of all the property of said partnership shall be forthwith taken, and valuation placed thereon at the following rates, to wit:

"Add 50 cents. Surface redwood, No. 1, per thousand feet, $23.00.

"Per M, Surface redwood, No. 2, per thousand feet, $17.00.

"Cost of rough redwood, No. 1, per thousand feet, $13.00.

"Add 50 cents per M, costs of—

"Surface redwood, No. 1, per 1,000 feet..............$23.00
"Surface redwood, No. 2, per 1,000 feet...... ........ 17.00
"Rough redwood, No. 1, per 1,000 feet.... .......... 13.00
"Piling, same—
"Rough redwood, No. 2, per 1,000 feet... .... ...... 9.00
"Shingles, per 1,000 feet ....... ..... .............. 1.55

"Doors, sash, lime, and hardware at cost price, freight added; horses, wagons, trucks, office furniture, and other personal property at cost price.

"That an account of the business of said partnership shall at once be taken up to the said 1st of August and the profits or losses equally divided between the parties hereto.

"That all the book accounts due said firm shall be inventoried at their face value; and

"That upon the payment of the promissory note hereinafter mentioned said party of the first part shall execute and deliver to the said party of the second part a bill of sale of his interest, to wit, an undivided one-half interest in all the property therein described.

"The consideration for this indenture, and for the agreement of the said party of the first part to transfer said property to the said party of the second part is as follows, to wit:

"Five thousand dollars cash, paid on the execution of these presents, the receipt whereof is hereby acknowledged by the said party of the first part; said payment to be on account of the sum found to be due from such inventory; and

"A promissory note executed by the said party of the second part payable to the order of the said party of the first part for such sum as may be found to be the difference between one-half of the inventoried valuation of said property and the said sum of $5,000 paid on account upon the execution of these presents; said note shall be payable three months after date and bear interest at the rate of seven (7) per cent per annum.

"In witness whereof the parties hereto have hereunto set their hands and seals this 25th day of July, 1885.

"CHARLES D. FORD.

"H. W. TAYLOR."

The $5,000 mentioned in the above contract was paid as therein agreed and also the sum of $6,000 was paid on said note in November, 1885, leaving a balance unpaid on the note at that time of $2,660.44.

In addition to the answer by defendant to the plaintiff's complaint he filed a cross-complaint, counting upon the promissory note in question, and praying for judgment for the balance alleged to be due and unpaid thereon. In his answer to the cross-complaint the plaintiff pleaded want of, and failure of, consideration for the note, alleging that he was induced to sign it on the strength of a warranty by defendant Ford that certain book accounts and claims forming the consideration of the note were good and collectible dollar for dollar; also that plaintiff was coerced into signing the note by threats of the defendant to sell his interest in the partnership in the lumber business "to an entire stranger." He also set up a mutual mistake as to the value of said book accounts, and that they were treated as of their face value, when, in fact, they were worthless.

The cause was tried with a jury and a verdict rendered in favor of the defendant on his cross-complaint for the sum of $4,382.52. Special issues were also submitted to the jury and answered as follows:

"Did the defendant assure the plaintiff at or prior to the execution of the note in question that all of the book accounts outstanding, except the three items stricken out, were good and collectible? A. No.

"Did the defendant at or prior to the time of the execution of the note in question assure the plaintiff that all the book ac-

counts except the three items stricken out were good and collectible so far as he knew?  A.  Yes.

"Did the defendant ever agree with the plaintiff that if any of said book accounts were not collected that he [defendant] would allow plaintiff to deduct one-half the amount thereof from the note?  A.  No."

The appeal is taken from the judgment entered on the verdict in favor of the defendant, and from an order denying plaintiff's motion for a new trial.

1. The plaintiff filed an amended answer to the defendant's cross-complaint without leave of court, which, upon motion, was stricken out by the court, and the court also refused leave to file the same amended answer after notice given.  The appellant contends that this is error on the part of the court. The court, however, did permit appellant to file an amended answer to the cross-complaint, setting up the defenses to the note substantially as already stated, and praying that the defendant take nothing on said promissory note, and that plaintiff be allowed to recoup against the defendant any damage sustained as alleged.  The only material difference which appears between the amended answer on which the case was tried and the one stricken out by the court was that the lattter contained the statement that "by reason of which said acts the plaintiff, Henry W. Taylor, has been damaged in the sum of $3,500, and that no part of said damages have been paid, or satisfied or discharged in any way whatever."  Both of the answers contain a full statement of the facts out of which the alleged damages to the plaintiff arose, and at the trial the plaintiff was allowed to give evidence of these facts as fully as he could have done if the rejected answer had remained on file. Appellant suffered no injury, therefore, by the refusal of the court to permit his answer to the cross-complaint to stand in the exact form that he desired.  If the evidence presented at the trial would not support the defenses to the note which were pleaded, it necessarily follows that it could not support a counterclaim or recoupment for damages arising out of the facts so alleged.

2. The appellant contends that the verdict is not supported by the evidence. The main question in dispute between the parties was whether the defendant positively and falsely represented the accounts which formed part of the consideration to be good, and warranted or guaranteed their collectibility. Upon this question there was a substantial conflict of evidence. The note given was only a part of the entire consideration for the purchase by the plaintiff of defendant's interest in the partnership. There is no contention that the lumber is not of the value at which it was appraised in the contract. It is also shown that the accounts mentioned in the contract were valuable, as plaintiff has succeeded in collecting a majority of them. The contract being entire, there was a good and valuable consideration for the note. From the evidence the jury were warranted in finding adversely to the appellant on his contention as to the failure of consideration.

3. The case does not support the alleged defense of mutual mistake. Knowledge on the subject of the value of these book accounts could not amount to more than opinion, and this will not support the defense of a mistake or false representation. (*Rendell v. Scott*, 70 Cal. 514; *Nounnan v. Sutter County Land Co.*, 81 Cal. 1; *Lee v. McClelland*, 120 Cal. 147.) In *Hecht v. Batcheller*, 147 Mass. 335,[1] the holder of a promissory note sold it through a broker shortly after the maker had made an assignment for the benefit of creditors, but neither the seller, nor buyer, nor broker knew that fact, but all supposed that the maker was still doing business; and it was held that there was no such mistake as to the subject matter of the sale as to avoid the contract, and there was no implied warranty that the note was that of a solvent firm. In the opinion the court says: "The mistake must be one which affects the existence or identity of the thing sold. Any mistake as to its value or quality or other collateral attributes is not sufficient if the thing delivered is existent and is the identical thing in kind which was sold." (Benjamin on Sales, sec. 54.) In *Dortic v. Dugas*, 55 Ga. 484, it was held that an erroneous opinion common to both parties, as to the value of a partnership interest is not such a mistake of

---

[1] 9 Am. St. Rep. 708.

fact as will warrant a rescission in equity of the sale of such interest. In this case a distinction is drawn between a mistake of fact and a mere mistaken opinion, the court saying: "One theory of the complainant's bill is that an erroneous opinion, common to both parties as to the real value of the interest sold, especially if that interest was absolutely worthless, would be such mistake of fact as would warrant a rescission of the contract and a return of the purchase money. We think, on the contrary, that the very nature of the enterprise touching which the partnership existed would be full notice that the value of a partner's share was contingent and that an estimate of it made in a general way would partake of the loose nature of conjecture rather than of the definite characteristics of fixed fact."

The verdict was against the appellant on the contention that there was a warranty or guaranty on the part of the defendant, and this verdict is supported by the evidence. In fact, the written contract, out of which the making of the promissory note grew, contains no guaranty of the book accounts, and no agreement that anything was to be deducted from the value of said accounts as fixed in said contract for a failure to collect any of them.

4. The instructions given by the court, read together, fairly cover the law of the case, and those which were refused were either unnecessary repetitions or inapplicable to the facts in the case. The jury was not misdirected as to the defense of want of consideration, but the law on that subject was properly given to them, and the same may be said in reference to the defense of breach of warranty which was specially submitted to the jury, as already shown. At the conclusion of the instructions to the jury one of the jurors asked: "I would like to ask the court if ignorance on the part of plaintiff or defendant constitutes any point of law—ignorance of what plaintiff or defendant might be doing when a certain thing is done. Can it be brought up as a matter of law?" The court answered this and a colloquy took place, as follows:

"The COURT.—The presumption is where the transaction is between grown-up people that they do know what they are doing.

"Mr. HANLON.—I ask an instruction that although that is the presumption that they knew, that we can show to the contrary that either party was not in such condition.

"The COURT.—If they show that one of the parties was imbecile or not of sound mind, or that there was fraud or duress.

"Mr. HANLON.—Or coercion.

"The COURT.—It is not claimed that he was coerced.

"Mr. HANLON.—It is claimed that he was taken advantage of.

"The COURT.—All right, or that he was taken advantage of.

"Mr. HANLON.—We except."

We can see no error on the part of the court in the foregoing. The only coercion claimed by the plaintiff is that he was forced to enter into the contract and give the note in question by reason of defendant's threats to sell out to a stranger, in violation of his contract for a five years partnership. That would not amount to coercion in law.

There are no other points presented on the part of the appellant requiring special notice.

The judgment and order are affirmed.

Garoutte, J., and Harrison, J., concurred.

Hearing in Bank denied.