[Civ. No. 525. Second Appellate District.—September 16, 1908.]

L. M. JOHNSON and C. L. MARTIN, Respondents, v. W. S. WITHERS and STATE BANK AND TRUST COMPANY OF LOS ANGELES, a Corporation, Appellants.

MINERAL LAND—CONTRACT OF SALE—RESCISSION—MUTUAL MISTAKE OF FACT — QUANTITY OF MINERAL — MISCALCULATION BY EXPERT.—A contract to sell and purchase mineral land may be rescinded by the purchaser and a deposit recovered back promptly upon the discovery of a mutual mistake of fact as to the quantity of mineral in place, caused by the reliance of both parties upon the statement of an expert, which was owing to a mistaken calculation by him, making the quantity appear ten times greater than the amount actually appearing from the facts stated in his report.

ID.—REPRESENTATION BY SELLER AS TO REPORT OF EXPERT—MATTER OF
FACT AND NOT OPINION—RELIEF IN EQUITY.—The representation
by the seller to the purchaser as to the quantity of mineral in place
based upon the mistaken report of the expert was of matter of
fact, and not of opinion of the seller as to value or quality or
character of the land; and the mutual mistake of the seller and
purchaser as to such matter of fact was such as courts of equity
will relieve against.

APPEAL from a judgment of the Superior Court of Los
Angeles County, and from an order denying a new trial. W.
P. James, Judge.

The facts are stated in the opinion of the court.

Conkling & Bretherton, for Appellants.

Cryer & Tuttle, for Respondents.

TAGGART, J.—Action for return of a $1,000 cash deposit
made on a contract to purchase an interest in mining prop-
erty, and for the rescission of the contract. Judgment for
plaintiffs. Appeals from judgment and from order denying
defendants' motion for a new trial.

The rescission of contract was made and the judgment of the
court based upon the ground of a mutual mistake of facts
relating to the subject matter. The complaint states two
causes of action: The first alleges the purchase by plaintiffs
from defendant Withers of a two-thirds interest in a half sec-
tion of land in Riverside county for $20,000; $1,000 cash, bal-
ance in two deferred payments, and the placing of the deed
of the property and the cash payment or deposit in escrow
with the defendant corporation to be held until the purchase
price should be fully paid up. As an inducement to plaintiffs
to purchase the property defendant Withers represented it
to be a peculiar value by reason of the presence of "magne-
site"; that at a particular point on the property there was a
large deposit of said mineral; that said deposit had been un-
covered and disclosed by means of certain discovery shafts,
and that defendant Withers had caused said property to be
carefully examined and inspected by a competent engineer
and mineralogist, and the quantity of magnesite so discovered
and in place in said portion of the property amounted to fifty

thousand tons. That plaintiffs were ignorant of mines and minerals and the methods of measuring and estimating the quantity of mineral in place, and relied wholly and entirely upon the representations made by Withers and the estimates of the expert as represented to them by Withers, and were induced thereby to enter into the contract of purchase. Subsequent to the making of the contract and the deposit of the $1,000 in the bank, plaintiffs procured a copy of the report of the expert from which they discovered that the expert had made a mathematical error in his computation, and that instead of there being fifty thousand tons of magnesite in the portion of the property experted there were only five thousand tons. Plaintiffs immediately served notice of rescission, released the deed in escrow, and demanded the return of the cash payment, which return was refused.

The second cause of action is for money had and received.

The court finds the allegations of the complaint in the above respects to be true, and that the representation that in the opinion of the expert there were fifty thousand tons of magnesite in place in the cone of a certain hill on said property was a material inducement to plaintiffs to enter into said contract, and that such representation was made by said defendant Withers, but that he made the same in good faith and in reliance upon the report which was actually made by Dr. Koebig, the expert.

There is no merit in appellants' contention that the complaint does not state a cause of action. No demurrer to the complaint was interposed, and if it be conceded that the objections made to the statement of the first cause of action are good, the second cause of action stated is sufficient to support the judgment and decision of the court.

There is evidence to support the findings attacked. The representation of the amount of mineral in place, as disclosed by the expert's report, was a matter of fact. It was a statement of what had been discovered by the expert's examination. It is clearly distinguishable from the representations under consideration in the cases cited by appellants. It was not the opinion of the seller of a thing as to its value or quality (*Taylor* v. *Ford*, 131 Cal. 440, 445, [63 Pac. 770]); or an expression of opinion by the vendor of lands as to the character of the lands or the future profits that might be realized from the investment. (*Lee* v. *McClelland*, 120 Cal.

147, [52 Pac. 300] ; *Rendell* v. *Scott*, 70 Cal. 514, [11 Pac. 779] ; *Nounnan* v. *Sutter Co.*, 81 Cal. 1, [22 Pac. 515].) ·

The mistaken representation consisted in a misstatement of the real estimate of the expert. An expert opinion cannot be misstated knowingly without incurring legal liability for the fraud or deceit, the same as by the willful misstatement of any other fact. (*Conlan* v. *Roemer*, 52 N. J. L. 53, [18 Atl. 858] ; *Kost* v. *Bender*, 25 Mich. 515.) If such opinion be a fact for the purpose of declaring a fraud, it must also be a fact when considered in connection with a mistake. The mistake here is not in relation to the elements upon which the expert opinion was based. When the report was found it showed upon its face that the amount of mineral disclosed by the examination of the premises was five thousand and not fifty thousand tons. The difference between the two amounts was not referable to any question of speculative opinion as to the value of the mines, and therefore the authorities cited upon this theory have no application here. Defendants' reliance upon the expert's misstatement of the result of the examination and of the contents, or the effect of the contents of the report, does not change the character of the transaction. This showing amounts to simply an explanation of how the mistake occurred, and relieves defendant from a charge of intentional misrepresentation or deceit.

The expert was mistaken, the defendant was mistaken and the plaintiffs were mistaken. The matter about which they were mistaken was the quantity of mineral disclosed by the expert's report of his examination. Plaintiffs dealt with defendants upon the truth of this statement and it was incorrect. It was the one estimate of quantity, the one concrete fact, upon which they relied in making the purchase. It was such a mutual mistake as courts of equity will relieve from. We see no error in the trial court's conclusions.

Judgment and order affirmed.

Allen, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 13, 1908.