## PARKYN v. FORD.

RES JUDICATA—FRAUD—WAIVER—DECISION IN CHANCERY BAR TO ACTION ON LAW SIDE.

> Where, in a former decision, on a bill filed by plaintiffs to rescind a contract for an exchange of farms on the ground of fraud, the Supreme Court decided that the fraud was waived, plaintiffs are precluded from maintaining an action on the law side based upon the same fraud.

Error to Hillsdale; Weimer, J., presiding. Submitted April 25, 1919. (Docket No. 108.) Decided July 17, 1919.

Case by Joseph O. Parkyn and others against Julius C. Ford for fraud in an exchange of real estate. Judgment for defendant on a directed verdict. Plaintiffs bring error. Affirmed.

*F. A. Lyon, A. L. Guernsey* and *P. W. Chase,* for appellants.

*W. H. Frankhauser* and *E. C. Shields,* for appellee.

STEERE, J. On March 11, 1913, plaintiffs exchanged their Hillsdale county farm for defendant's farm lying near Summit, Mississippi. In so doing defendant assumed the mortgage of $3,544 on the Hillsdale farm and plaintiffs gave him a mortgage for a like amount on the Mississippi farm. Defendant also sold plaintiffs a quantity of personal farm property for which they agreed to pay $1,500. Soon after the exchange, the parties went into possession of their respective properties, and plaintiffs resided on the Mississippi farm until September, 1913, when they returned to Hillsdale and filed a bill praying for a rescission of the deal on the ground of defendant's fraudulent representations concerning the Mississippi farm. Issue was joined in that case and a decision was reached adverse to the defendant. Upon appeal to this court the case was reversed on the ground that plaintiffs' dealings with defendant had been such, after he had had an opportunity to discover the fraud, that he had waived his right to complain of the fraud. See *Parkyn* v. *Ford,* 194 Mich. 184. Subsequently an application for rehearing was denied. Plaintiffs then brought this action at law for damages, relying on the same fraud they had alleged in the previous case as a basis for rescission. The matter came on for trial and counsel made his opening statement and began a cross-examination of defendant. It soon became evident to the trial court that the facts were the same, or quite similar, to those involved in the former litigation. Some questioning of plaintiffs' attorneys by the trial court developed that the parties, the property and the alleged fraud were the same in both controversies. After a running discussion between court and counsel a verdict was directed for the defendant based on the opening statement and concessions of counsel.

The third assignment of error raises the important

question in the case. This assignment complains of the construction which the trial court gave to the former decision of *Parkyn* v. *Ford*. Counsel argue that what this court decided in *Parkyn* v. *Ford* was that plaintiffs had waived their right to a rescission of the contract.

It was said in *Parkyn* v. *Ford*, referring to the plaintiff, that:

"If he knew, or had ample opportunity to know, that defendant's representations were untrue when he signed the receipt on July 12th and made no complaint nor protest, we think by so doing he affirmed the trade and waived his right to complain of the fraud."

We are impressed that counsel for plaintiffs have misconstrued the opinion in that case. There is no basis in the opinion for arguing that this court held that the plaintiffs had waived their right to a rescission only, inasmuch as the opinion says in so many words that:

"By so doing he affirmed the trade and waived his right to complain of the fraud."

Of course, if plaintiffs waived their right to complain of the fraud, they necessarily waived their right to a rescission on the ground of fraud. But the opinion goes further and determines that the act of signing the receipt, under the circumstances, waived their right to complain of the fraud. If the right to complain of the fraud were waived it would carry with it not only the right to a rescission but also any other action based upon the same fraud.

It is suggested that laches was the basis of this court's conclusion. Nothing is said in the opinion about laches and it is clear that no such time had elapsed between the making of the contract and the beginning of the action, nor had the situation of the parties so changed, that laches could reasonably be

made the basis of such a holding. The conclusion was put squarely upon the ground that plaintiffs' dealings with defendant in signing the receipt had precluded him from making a claim that he was defrauded. It is perhaps true that had we determined, as counsel argue, that plaintiffs had waived their right to a rescission and nothing else, the present action might be sustained because it does not necessarily follow because one is not entitled to a rescission he is not entitled to an action for damages, but it is unnecessary to decide that in this case. It was said in *Wylie* v. *Gamble*, 95 Mich. 564, where a similar state of facts was being discussed, that:

"Instead of making complaint he still treated the land as his, obtained extension of time of payment, attempted to make contracts with complainants for permission to lumber it, knowing all the facts which he now sets up to avoid the contract for fraud. This must preclude him from making such a defense."

In *Draft* v. *Hesselsweet*, 194 Mich. 604, it was said:

"His acts indicated that he intended to retain the premises and abide by his purchase, notwithstanding the fraud. He continued to live upon and operate the farm and to take the avails thereof. He made improvements on the buildings and paid an installment on the purchase price in 1912, and we think his testimony fairly shows that he would have paid the second note in 1913 had it not been for the lack of funds. Under these circumstances he must be deemed to have waived whatever right he had to complain of the fraud"—citing cases.

In *St. John* v. *Hendrickson*, 81 Ind. 350, it is said:

"It is undoubtedly the law, that there may be a waiver of the right to recover damages for loss resulting from false and fraudulent representations by an express affirmance. * * * We fully recognize and approve the rule that a party may retain what he received, stand to his bargain, and recover the loss caused him by the fraud. We do not mean to run

counter to this rule. We neither hold, nor mean to hold, that affirmance by retention of the thing bargained for cuts off an action for damages. We do hold that, where a party with full knowledge of all the material facts, does an act which indicates his intention to stand to the contract and waive all right of action for the fraud, he cannot maintain an action for the original wrong practiced upon him. Where the affirmance of the contract is equivalent to a ratification, all right of action is gone. * * * Nor are we unmindful of a settled rule that a defrauded party has an election of remedies. We heartily approve the rule that he may elect to rescind the contract, or to stand by his bargain and sue for damages resulting from the fraud practiced upon him. * * * We decide nothing that conflicts with this settled rule."

For like holdings, see *Simon* v. *Goodyear Metallic Rubber Shoe Co.*, 105 Fed. 573, 44 C. C. A. 612 (52 L. R. A. 745) ; *Nounnan* v. *Sutter County Land Co.*, 81 Cal. 1 (22 Pac. 515, 6 L. R. A. 219) ; *Sweetman* v. *Prince*, 26 N. Y. 224; *People* v. *Stephens*, 71 N. Y. 527.

It is said in 12 Ruling Case Law, p. 412, that:

"Generally an election to rescind a contract constitutes a waiver of the right to maintain an action for damages suffered by reason of fraud in procuring it, since the action for damages is based on an affirmance of the contract."

It was decided in the former case that the plaintiffs had waived their right to complain of the fraud. Now it is sought in this case to plant another cause of action upon the law side of the court upon the same fraud that we said in the former opinion had been waived. This practice cannot be approved. Plaintiffs had had their day in court on the question of fraud. It has been adjudicated in the former case and is no longer available as a basis for other actions.

There are other assignments of error involving complaints with reference to the direction of a verdict

on the opening statement of counsel, but we think it is unnecessary to discuss these complaints. The trial court interrogated counsel to some extent as to the identity of the causes of action, and this was done for the purpose of shortening the trial and avoiding a long record. The trial court is to be commended for his effort in that direction. We are of the opinion that the verdict was properly directed.

The judgment will be affirmed, with costs to the defendant.

OSTRANDER, MOORE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred. BIRD, C. J., did not sit.