[Civ. No. 4161.  Second Appellate District, Division Two.—March 31, 1927.]

## AMBASSADOR HOTEL CORPORATION (a Corporation), Respondent, v. DON LEE, Appellant.

[1] LEASES—ACTION FOR RENT—ALLEGED MUTUAL MISTAKE—FINDING —EVIDENCE.—In this action to recover unpaid rent under a lease which defendant, by one of his pleadings, claimed to have been executed through mutual mistake in that a provision was omitted giving him the exclusive privilege to exhibit and sell automobiles on the premises, the finding of the trial court that there was no mutual mistake was supported by the evidence.

[2] FRAUD—ACTION FOR RENT—LEASES—REPRESENTATIONS—RELIANCE —FINDING—EVIDENCE.—In an action to recover unpaid rent under a lease which defendant claimed he was induced to execute through the fraudulent representations of plaintiff that he would have the exclusive privilege of exhibiting and selling automobiles on the premises, a finding that defendant did not rely upon the representations of plaintiff was sufficiently supported, where the evidence showed that after the representations were made a lease was prepared by plaintiff which contained no reference to the matters represented, and was delivered to defendant, who, in turn, delivered it to his counsel for inspection and approval, and that the lease was executed after certain changes were made, the defendant making no suggestion that the represented matters be covered in the lease.

[3] ID.—RELIANCE UPON REPRESENTATION ESSENTIAL.—In order that an action may lie, at law or in equity, on account of fraudulent misrepresentation, such misrepresentation must be relied upon by the party to whom it is made.

(1) 36 C. J., p. 442, n. 30.   (2) 36 C. J., p. 446, n. 47.   (3) 26 C. J., p. 1137, n. 78.

APPEAL from a judgment of the Superior Court of Los Angeles County.  L. H. Valentine, Judge.  Affirmed.

The facts are stated in the opinion of the court.

Clark, Law & Clay for Appellant.

3.  Necessity for reliance on fraudulent representations, notes, 18 Am. St. Rep. 561; Ann. Cas. 1915B, 779.  See, also, 12 Cal. Jur. 750; 12 R. C. L. 352.

O'Melveny, Millikin, Tuller & Macneil and Walter K. Tuller for Respondent.

WORKS, P. J.—The complaint in this action was for the recovery of unpaid rent. Defendant interposed an answer and counterclaim in which it was alleged that, at the time the lease mentioned in the complaint was entered into, "the plaintiff represented to defendant and agreed as part of the consideration for the defendant entering into" the lease "the plaintiff would not lease any of the premises" in which the demised quarters were located "to any other person . . . in the business of exhibiting or selling automobiles, but would at all times during the life of said lease give unto the defendant the exclusive right and privilege of exhibiting and selling automobiles on said . . . premises"; that defendant believed the representations and relied upon them, and would not have entered into the lease but for them; that when plaintiff made the representations it had no intention of performing them and made them solely to induce defendant to enter into the lease and to deceive and defraud him; that soon after the lease was entered into plaintiff leased a part of its premises to another person engaged in the automobile business; that thereupon defendant in writing notified plaintiff that he rescinded the lease; and that defendant had expended certain specified sums in preparing for his occupancy of the demised quarters. Defendant demanded in his prayer in the answer and counterclaim that the lease be canceled and that he have judgment for the sums of money alleged to have been expended by him. He also filed a cross-complaint averring that the matters alleged in the answer and counterclaim as representations were agreed to by him and plaintiff; that by mutual mistake they were omitted from the lease as executed, although intended to be inserted therein; that plaintiff breached the promise not to lease to another and that defendant then gave notice of rescission, all as alleged in the answer and counterclaim; and praying that the lease be reformed to express the true intent of the parties and that it then be canceled and rescinded. After answer to the cross-complaint the action was tried and judgment went for plaintiff. Defendant appeals.

Appellant asks for a reversal of the judgment upon the ground that four certain findings of the trial court were not supported by the evidence.

It will be observed that in his pleadings appellant took two inconsistent positions concerning the matters of fact which in the answer and counterclaim are termed representations. First, from that pleading the representations appear to be representations pure and simple, for it is there alleged that they were made solely for the purpose of inducing appellant to enter into the lease, without an intention to perform them and for the purpose of deceiving and defrauding appellant. Second, in the cross-complaint the "representations" cease to be such, but become matters agreed to between the parties and omitted from the lease by a mutual mistake. While one of the findings stated in appellant's brief to be unsupported by the evidence relates to the question of mutual mistake, the entire argument in the brief proceeds upon the theory that the representations were made merely for the purpose of inducing appellant to enter into the lease. Indeed, some of the points advanced are utterly inconsistent with a view that appellant relies upon the alleged mutual mistake. As an instance of the truth of this statement, appellant contends that the representations were collateral to the engagements inserted in the lease, that they need not have been incorporated in the instrument, and, in truth, that they need not have been in writing at all. [1] Under these circumstances we shall pay no further attention to the claim that the representations were omitted from the lease through the inadvertence of the parties, except to say that the finding of the trial court that there was no mutual mistake is amply supported by the evidence. This is so plain that we shall not pause to state the evidence that furnishes the support.

[2] The trial court found that appellant did not rely upon the representations, and this is one of the findings that is said to be without support. There was some conflict in the evidence upon the question, it is true, but it was shown without dispute that after the representations were made a lease was prepared by respondent which contained no reference to the matters represented; that the instrument was then delivered to appellant for approval as to form; that appellant then delivered it to his counsel for inspection and

approval; that several changes in the instrument were then suggested to respondent, the paper being returned to it for the purpose of making them; that the changes were then made and the lease was returned to appellant for further inspection, and that it was afterward executed as changed. Appellant made no suggestion that the represented matters be covered in the lease. It was stipulated at the trial that the projected lease was in the hands of appellant's counsel, at the time when the changes in its form were suggested, for a period of three or four days. This evidence was ample to support the finding that appellant did not rely upon the representations (*Nounnan* v. *Sutter County Land Co.*, 81 Cal. 1 [6 L. R. A. 219, 22 Pac. 515]).

The view that we entertain upon this question disposes of the appeal and renders it unnecessary to consider the many other questions argued by both parties. **[3]** "In order that an action may lie, at law or in equity, on account of fraudulent misrepresentation, such misrepresentation must be relied upon by the party to whom it is made" (12 Cal. Jur. 750).

Judgment affirmed.

Craig, J., and Thompson, J., concurred.