[Civ. No. 7677.  First Appellate District, Division One.—April 3, 1931.]

C. L. GLOVER COMPANY, Appellant, v. ANTONIO FARINACCI, Respondent.

Peyton H. Moore for Appellant.

Howard F. Shepherd for Respondent.

GRAY, J., *pro tem.*—Appellant, a real estate broker, sought to recover an agreed commission for negotiating an agreement for the exchange of respondent's property for

a building which consisted of five stores on the ground floor and apartments on the two upper floors and upon which Jim T. Sanderson, the other party to the exchange, then held an option. The judgment, denying such recovery, was predicated in part upon the court's determination that the execution of the commission agreement was solely induced by the mutual mistake of the parties thereto as to the rentals received from the Sanderson property. Appellant attacks the judgment upon the ground that the evidence does not support the findings embodying such determination.

The evidence upon this matter consists mainly of the testimony of respondent and appellant's salesman, which as to all material facts, is in accord. This salesman, in submitting Sanderson's property to respondent, gave to the latter a schedule of rents which he stated had been received from Sanderson's agent as true. This schedule represented that one store was leased for five years at a monthly rental of $202; one store was rented on a monthly tenancy at $75 per month; two stores on a monthly tenancy at $50 each per month and one store on a monthly tenancy at $100 per month, and the apartments were leased for five years at a monthly rental of $530, secured by a chattel mortgage. Respondent, once alone, and once in the salesman's company, inspected the Sanderson property. On the second occasion, either respondent or the salesman (their testimony differing immaterially in this detail) inquired of the tenants in the two stores and the apartments as to the rents paid and were given the same figures as shown by the schedule. Thereafter the salesman delivered to respondent Sanderson's written offer to exchange and the next day respondent simultaneously delivered to the salesman his written acceptance of this offer and executed the commission agreement. About two weeks later, while the deal was in escrow, respondent, upon interviewing the tenants as to prospective leases, learned that the apartments were not leased but were operated by the owner of the property and that rebates of five dollars per month were being given by the owner to the month to month tenants of four stores. When respondent called this discrepancy to Sanderson's attention, the latter offered to execute a two-year lease, secured by a chattel mortgage, on the apartments but respondent refused this offer. San-

derson and respondent then mutually canceled their agreement of exchange.

Does this evidence show "Belief in the present existence of a thing *material to the contract* which does not exist" (italics ours) which, under section 1577 of the Civil Code, constitutes a mistake of fact? The belief in the present existence of a thing which does not exist, i. e., the rentals, is clearly shown, but was that belief material to the contract, i. e., the commission agreement? In holding that an erroneous belief by the parties that a city ordinance permitted the construction of a wooden building upon the land purchased constituted a mistake of fact entitling the purchaser to rescind, the court in *Hannah* v. *Steinman,* 159 Cal. 142, 147 [112 Pac. 1094, 1097], said: "It is thoroughly established that if the parties to a contract enter into it under the belief that the subject matter or consideration is in existence and in effect condition their contract thereon, and, as a matter of fact, it is not in existence, the mistake will enable a party to avoid the contract."

In an action to recover a deposit on a contract to purchase an interest in a mine, it was held that a mistake of the parties as to the quantity of mineral in place, based upon an expert's error, was such a mistake of fact as equity would relieve. (*Johnson* v. *Withers,* 9 Cal. App. 52 (98 Pac. 42].) "Quoting from Mr. Pomeroy, it is said: 'The fact concerning which the mistake is made must be material to the transaction affecting its substance and not merely its incidents; and the mistake itself must be so important that it determines the conduct of the mistaken party or parties. If a mistake is made by one or both parties in reference to some fact which though connected with the transaction, is merely incidental and not a part of the very subject matter, or essence of its terms . . . the mistake will not be ground for any relief affirmative or defensive.' (Pomeroy's Equity Jurisprudence, 3d ed., sec. 856.)" (*Schirmer* v. *Union Brewing etc. Co.,* 26 Cal. App. 169, 175 [146 Pac. 194, 196].)

Respondent's amended answer pleaded that he executed the exchange agreement and the commission agreement in reliance upon the truth of the schedule of rents and would not have so done had be known that it was untrue. "The allegations made this matter something more than an incident. To defendant it was of the essence of the agree-

ment, as we must assume from the averments of the cross-complaint" (here answer). (*Schirmer* v. *Union Brewing etc. Co., supra.*) Respondent's uncontradicted testimony clearly shows that he would not have executed the exchange agreement if he had not believed the Sanderson property was earning the rents represented, which were more than double the actual amount received. Obviously the consideration for the commission agreement was the exchange agreement and the former would not have been executed if respondent had known that the building he was to receive under the latter was not earning the rents represented. Hence there was a mistake of fact as to the subject matter or consideration of the commission agreement upon which that agreement was conditioned.

Appellant's suggestion that Sanderson's offer to execute a lease for two years cured the mistake, is without force, because respondent was not required to accept a lease differing from his bargain in term and person. What was said in *Johnson* v. *Withers, supra,* as to similar cases is apposite to appellant's citation of *Davidson* v. *Jordan,* 47 Cal. 351, followed in *Hanscom* v. *Drullard,* 79 Cal. 234 [21 Pac. 736]: "The representation of the amount of mineral in place, as disclosed by the expert's report, was a matter of fact. It was a statement of what had been discovered by an expert's examination. It is clearly distinguishable from the representations under consideration in the cases cited by appellants. It was not the opinion of the seller of a thing as to its value or quality. (*Taylor* v. *Ford,* 131 Cal. 440, 445 [63 Pac. 770]; or an expression of opinion by the vendor of lands as to the character of the lands or the future profits that might be realized from the investment. (*Lee* v. *McClelland,* 120 Cal. 147 [52 Pac. 300]; *Rendell* v. *Scott,* 70 Cal. 514 [11 Pac. 779]; *Nounnan* v. *Sutter Co.,* 81 Cal. 1 [6 L. R. A. 219, 22 Pac. 515].)"

Lastly appellant claims that respondent is estopped from setting up in his answer the mistake by the following provision of his exchange agreement. "Each of the parties to said exchange enters into the same and signs this agreement in sole reliance upon his own judgment as to said property and upon his own personal investigation of said property, . . . and not in reliance upon any representations by any person whatever regarding said property or the

character, quantity, value or income thereof . . . and each of the parties . . . releases all persons whatever from any liability by reason of any representations in regard thereto not herein contained.'' Since this present controversy is between respondent, who was a party to the exchange agreement, and appellant, who was not such a party, the parol evidence rule does not apply. (*Gammon* v. *Ealey & Thompson,* 97 Cal. App. 452 [275 Pac. 1005].)

As the trial court correctly held that the mutual mistake of fact bars recovery on the commission agreement, it is futile to consider appellant's objection to the findings determining the nature of the services to be performed under that agreement, as a favorable decision in that regard would not necessitate a reversal.

The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.