THE WARDER, BUSHNELL & GLESSNER COMPANY, Appellant,
vs. WHITISH, Respondent.

*September 8 — September 23, 1890.*

*Contracts: Sale of chattels: Fraud: Instructions to jury.*

1. The refusal to give an instruction as to the duty of a party if he had entered into a certain contract is not error where the jury found that he had not entered into such contract, and where the instruction was substantially given in the general charge, and the evidence was conclusive that such duty was performed.

2. One who has by fraud induced another to execute a contract cannot enforce it on the ground that the party so executing should have used greater care to avoid imposition.

3. If, by the terms of the sale, the purchaser of a machine is not bound to take it, after a trial, unless he chooses, he may reject it whether it is capable of doing good work or not.

APPEAL from the Circuit Court for *Grant* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

This is an action to recover $135 and interest, the alleged purchase price of a certain Champion Light Binder manufactured by the plaintiff, and delivered to the defendant under an alleged written contract with a warranty annexed.

The answer denied the execution of any such contract, and alleged in effect that the agent of the plaintiff applied to the defendant to sell him such a machine, and upon the defendant's informing him that he had seen the plaintiff's machine and did not like it nor the manner in which it worked, said agent represented to the defendant that said binder had been much improved during the year previous; that it was much lighter, and made of steel; that two horses could easily work it, and it was not hard upon their necks; that it could be raised and lowered both at the bull-wheel and at the grain-wheel, and was so arranged that bundles could be bound large or small at pleasure, depending upon

whether there were weeds or other green stuff in the grain; that said binders were as good as any other binder; that if the defendant would buy one he might take it and try it until he was satisfied, and that if it was not as they had represented, and he was not suited with it, he could return it at any time, and need not pay for it; that the defendant was induced by such representations to take one of the plaintiff's machines upon such terms; that thereupon said agent produced and asked the defendant to sign a paper which he then represented to the defendant as nothing more than an order for a machine upon the terms and conditions stated; that said agent did not read said paper to him; that the defendant is and was an illiterate person, incapable of reading or writing; that, relying upon such representations, he signed the paper, and received from the plaintiff a machine, July 19, 1888; that, upon trial under the supervision of plaintiff's agent, July 27, 1888, it was found not to be such a machine as represented by him, nor made of the materials represented, and that it would not operate as had been represented by him; that the defendant thereupon notified the agent of the plaintiff that he did not like the machine, and would not keep it; that said agent thereupon again tried said machine without being able to make it work as represented; that the defendant thereupon informed said agent that the machine was not such as he had ordered, and did not do good work, and that he would not keep it, and returned it. The answer further alleges that the machine was not as represented in the plaintiff's printed warranty, and did not comply with the terms thereof.

At the close of the trial the jury returned a verdict in favor of the defendant, and from the judgment entered thereon the plaintiff appeals.

For the appellant there was a brief by *Clark & Taylor*, attorneys, and *Boyesen & Lawrence*, of counsel, and oral argument by *S. H. Taylor*. To the point that the court

erred in refusing to instruct the jury that the defendant should have used reasonable care to prevent mistake or imposition by causing the order and warranty to be read to him by some one in whom he had confidence before signing, they cited *Bowers v. Thomas*, 62 Wis. 480, 484; *Taylor v. Fleckenstein*, 30 Fed. Rep. 99; *Keller v. Orr*, 106 Ind. 406; *McKinney v. Herrick*, 66 Iowa, 414; *Sanger v. Dun*, 47 Wis. 615; *Fuller v. Madison M. Ins. Co.* 36 id. 603; *Upton v. Tribilcock*, 91 U. S. 45; *Ætna Ins. Co. v. Reed*, 33 Ohio St. 283; *Chapman v. Rose*, 56 N. Y. 137; *Grace v. Adams*, 100 Mass. 505; *Mamlock v. Fairbanks*, 46 Wis. 415; *Faucett v. Currier*, 109 Mass. 79; *Hawkins v. Hawkins*, 50 Cal. 560; 2 Kent's Comm. 484; Cooley on Torts, 488.

For the respondent there were briefs by *Ed. M. Lowry*, attorney, and *W. E. Carter*, of counsel, and oral argument by *Mr. Carter*.

CASSODAY, J. The finding of the jury in favor of the defendant is to the effect that he was induced to sign the written contract by the false representations of the plaintiff's agent, and that the real contract of purchase was in effect as alleged in the defendant's answer. There is evidence sufficient to support the verdict. It remains to be considered whether there were any errors upon the trial.

1. Error is assigned because the court refused to instruct that "if the jury *believes that the contract described in the complaint was entered into between the plaintiff and defendant*, the jury is instructed that it was the duty of the defendant to give the machine a second trial, in the presence of the company or its agent, before returning the same." By the terms of this instruction, the jury would only have been required to consider the same, in case they *believed* "that the contract described in the complaint was entered into between the plaintiff and the defendant." The verdict in favor of the defendant is conclusive that the jury never

so believed, and hence, had the instruction been given, the jury would never have reached the point where, under such instruction, they would have been called upon to consider it. Besides, the court charged the jury, in effect, that if the defendant knowingly signed the alleged written contract, as claimed by the plaintiff, then the defendant was bound by the written contract, including the clause in respect to a second trial. The evidence is also conclusive that there were two trials of the machine under the supervision of the plaintiff's agent,— one in the forenoon, and one in the afternoon; that the result of such two trials was that the agent promised to send an expert for another trial, but that no expert came until after the defendant had bought another machine and was in the act of returning the one in question. Under these circumstances there seems to have been no error in rejecting the instruction.

For the reasons given, the court was justified in refusing to give the second instruction assigned as error, respecting such second trial of the machine.[1]

2. Error is assigned because the court refused to charge the jury that, " the court instructs you that the defendant, *John Whitish*, should have used reasonable care to prevent mistake or imposition by causing the order and warranty to be read to him by some one in whom he had confidence, before signing." This is not the case of a party, in the absence of fraud or mistake, failing to know the contents of a written instrument signed by himself by reason of his own negligence or want of reasonable care, as in the cases cited by the learned counsel for the plaintiff and many others which might be cited, as, for instance, *Herbst v. Lowe*, 65 Wis. 316, where the distinction between those cases and cases like this is pointed out. Certainly no one will con-

---

[1] This instruction was as follows: "The jury is instructed that the trial of the machine the day it was put up cannot be construed as subjecting it to such a second trial as was contemplated in the warranty." — REP.

tend that a person can procure the signature of a party to a contract by false representations, and then enforce the contract on the ground that, had the party so deceived been more vigilant, he would have discovered the fraud in time to have withheld his signature from the contract. In other words, a person cannot procure a contract in his favor by fraud, and then bar a defense to it on the ground that had not the other party been so ignorant or negligent he could not have succeeded in deceiving him.

3. Exception is taken because the court in effect charged the jury that if the oral contract was that the defendant should not be obliged to take the machine on the trial of it unless he chose to do so, then he might reject it whether it was capable of doing good work or not. This charge was simply to the effect that such was the rule in case such was the contract. This ruling is sustained by the repeated decisions of this court. *Exhaust Ventilator Co. v. C., M. & St. P. R. Co.* 66 Wis. 218; *S. C.* 69 Wis. 454; *Bayley v. Anderson*, 71 Wis. 420. See, also, *Silsby Mfg. Co. v. Chico*, 24 Fed. Rep. 893. Besides, it is undisputed that two trials of the machine were made in good faith under the supervision of the plaintiff's agent, and it is virtually conceded that its work was unsatisfactory, otherwise the agent would not have sent for an expert to give it another trial.

There seems to be no material error in the record. The questions involved are familiar to the profession, and further discussion is unnecessary. The jury having determined all controverted facts in favor of the defendant and against the plaintiff, there is no escape from the conclusion reached.

*By the Court.*— The judgment of the circuit court is affirmed.