[Civ. No. 817.　Second Appellate District.—June 22, 1910.]

EMMA L. SHEER, Respondent, v. F. J. HOYT and A. M. HOYT, Appellants.

CORPORATIONS—CONTRACT TO PURCHASE STOCK—FALSE REPRESENTATIONS AS TO INVENTION—RESCISSION—SUFFICIENT COMPLAINT.—A complaint in an action to rescind a contract to purchase stock in a corporation, organized to manufacture patented mining machinery, and procure a return of real property conveyed in part payment, which alleges a contract between plaintiff and defendant F. J. Hoyt to purchase the stock for $5,000, and to accept a conveyance made by plaintiff to his wife, A. M. Hoyt, at his request, in part payment of $3,000, and to give her note to F. J. Hoyt for the residue, and that to induce such purchase and conveyance, F. J. Hoyt represented to plaintiff that the patented machine, which was practically the sole asset of the corporation, would economically abstract the finest particles of flour gold, and was a perfected machine, which representations induced the purchase, and that they were false and untrue, and that plaintiff relied wholly thereupon, states a cause of action.

ID.—MISREPRESENTATIONS OF FACT.—The allegation that misrepresentations were made as to the character of the assets of the corporation and the mechanical fitness and productive capacity of the machine, which constitutes the sole means of income, must be regarded as alleging more than a mere opinion as to the value of an invention or the market value of the stock of the corporation. The representations made were not statements of what the machine in question might be expected to do, but of things which it had done and was capable of doing.

ID.—MATTERS OF OPINION STATED AS FACTS.—Matters which might otherwise be only expressions of opinion, when stated as accomplished facts by one of the parties to a contract, and accepted and relied upon by the other as such, may, and often do, become the basis of actions for fraudulent misrepresentations.

ID.—CONVEYANCE OF LAND TO DEFENDANT'S WIFE—FALSE REPRESENTATIONS OF HUSBAND—WIFE NOT PROTECTED AS VENDEE.—The conveyance of the land by plaintiff to defendant's wife, under the circumstances appearing, does not entitle her to the rights of a *bona fide* purchaser, or justify her in retaining property obtained from plaintiff by the fraudulent representations of her husband. She was bound by her husband's acts and representations in making the sale of the stock. She was not a purchaser from her husband as vendee, and the court found, upon sufficient evidence, that she held the title in trust for her husband as vendee of the land, accepted in part payment of the stock purchased of him by plaintiff.

ID.—ADMISSIONS OF ANSWER—CONSIDERATION FROM WIFE NOT AVERRED. The answer admits that the conveyance was made to defendant's wife by virtue of the transactions connected with the sale of the stock, and pursuant to the agreement to convey the property to the husband in part payment for the stock, and it nowhere appears in the pleadings that there was any consideration moving from her for such conveyance.

ID.—FINDINGS FOR PLAINTIFF SUPPORTED BY EVIDENCE.—*Held*, that the findings for the plaintiff as to the falsity of the representations made by the seller of the stock, and that plaintiff relied thereupon in making the purchase thereof, are sufficiently supported by the evidence.

ID.—IMPROPER EVIDENCE—THEORETICAL PERFECTION OF MACHINE.— When a witness called for defendants had testified, in his direct examination, that the machine was defective in certain respects, the court did not prejudicially err in sustaining an objection to a question whether or not, considering the principle on which the machine was constructed, he considered the machine a perfect one when he first saw it. The answer called for covered no issue. The representation was that it was a perfected machine, as a matter of practical demonstration, and not that it was theoretically perfect, although mechanically a failure.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Chas. Monroe, Judge.

The facts are stated in the opinion of the court.

Campbell & Moore, for Appellants.

Cryer & Tuttle, for Respondent.

TAGGART, J.—Action to rescind contract to purchase stock in corporation organized to manufacture mining ma-

chinery and operate same on a royalty; also to procure return of real property conveyed in part payment. Defendants, by way of counterclaim, seek to recover balance of purchase price of stock evidenced by writing in form of a promissory note, payable on demand after such stock shall reach a salable value of fifty cents per share. Judgment was for plaintiff and defendants appeal from the judgment and an order denying their motion for a new trial.

The trial court found, in accordance with the allegations of the complaint, that plaintiff made a contract with the defendant F. J. Hoyt to purchase twenty thousand shares of the stock of the Hoyt Mining Machinery Company for $5,000; that she conveyed the lot of land mentioned above to A. M. Hoyt, wife of said F. J. Hoyt, which conveyance was accepted as the first payment on said stock, and gave her note for $3,000, in the form above stated, to F. J. Hoyt for the deferred payment. The court also found the deed was so made to A. M. Hoyt at the direction and for the benefit of F. J. Hoyt; that to induce plaintiff to purchase said stock and to make such conveyance F. J. Hoyt represented to her that the "Hoyt Ball Amalgamator" (which was practically the sole asset of the corporation whose stock she was buying) was a machine that would effectually and economically abstract and collect from gold-bearing dirt and gravel the finest particles of gold, to wit, flour gold; that said machine had passed the experimental stage and was a perfected machine; that nothing remained to be done by said corporation but to manufacture and market its machines; that these representations were the material inducements which led plaintiff to purchase the said stock; that they were false and untrue; that she relied and acted upon them, and had no knowledge herself of mining machinery. It is contended in support of this appeal that these findings are unsupported by the evidence, and that the complaint fails to state a cause of action.

The complaint is sufficient against the attacks made upon it. An allegation which states that misrepresentations were made as to the character of the assets of a corporation, and the mechanical fitness and productive capacity of the machine which constitutes its sole means of income, must be regarded as alleging something more than a mere opinion as to the value of an invention, or the market value of the stock of the

corporation. The representations made were not statements of what the machine in question might be expected to do, but of things which it had done and was capable of doing. Matters which might otherwise be only expressions of opinion, when stated as accomplished facts by one of the parties to a contract and accepted and relied upon by the other as such, may, and often do, become the basis of actions for fraudulent misrepresentations. (*Johnson* v. *Withers,* 9 Cal. App. 52, [98 Pac. 42] ; Pomeroy's Equity Jurisprudence, 3d ed., sec. 878, p. 1562.)

The conveyance of the title to the real property to Mrs. Hoyt does not entitle her to any of the rights of a *bona fide* purchaser for value, or justify her in retaining the property obtained from plaintiff, if it were obtained by means of the fraudulent misrepresentations found by the court to have been made by her husband. The finding of the court that this conveyance was made for the benefit of F. J. Hoyt has support in the circumstances of the case and the evidence in the record. If the court had found the statement of F. J. Hoyt, when on the stand, "I think I used Mrs. Hoyt's stock in making this transaction; that was how it happened to be made to Mrs. Hoyt," to be true, and accepted this as showing that the stock which was sold belonged to Mrs. Hoyt, it must also have reached the conclusion that she was bound by her husband's acts and representations made in effecting the sale. Authorities considering the rights of purchasers in good faith from vendees obtaining title to real property by fraudulent representations have no application here. Mrs. Hoyt is not a purchaser from the vendee. She is either the vendee or holds title for the benefit of the vendee. The court found her to be the latter, and there is evidence to sustain that finding. The answer admits that the conveyance was made to her by virtue of the transactions connected with the sale of the stock, and pursuant to the agreement of plaintiff to convey the property to F. J. Hoyt, and, other than in the above-quoted statement, it nowhere appears that there was any consideration moving from her for such conveyance. This issue as here made was not specially presented at the trial, the parties apparently resting principally upon the pleadings in this respect.

The finding that the representations of F. J. Hoyt were untrue is sustained by the testimony of the witness Higby. This witness testified, not only that the machine was not as represented, but that Hoyt himself had admitted this to be the case. He also testified, without objection, to an effort of Hoyt to induce him to join in furthering other sales based upon an improved machine. In speaking of the improved machine Hoyt said: "This is a good-looking machine. It has got lots of wheels and lots of screws. It will sell, won't it?" As an inducement to the witness to join in this venture, Hoyt said to him, "We want to make some money, don't we?" If the new and improved machine was open to the comment made by Hoyt, it might well be inferred that the unimproved one failed to justify the statements made by him to plaintiff in regard to it. This manner of speaking of the improved machine and the conversation of Hoyt in this connection gave color to all of the projects to sell stock based upon the value of his inventions.

Appellant's other assignment of insufficiency of the evidence to support a finding of the court, to wit, that plaintiff was induced to enter into the contract by the representations of Hoyt, is equally unsupported by the record. The evidence abundantly shows that the moving inducement to plaintiff was that defendant was the inventor and the corporation the owner of a perfected machine, which it had been demonstrated would successfully take out the fine flour gold from the dirt and the gravel, and that this machine had advanced beyond the experimental stage. These statements were untrue, and plaintiff had neither knowledge, experience, nor independent advice by which to determine their truth or falsity when she purchased the stock. That she saw the machine in Los Angeles is in no way inconsistent with this, and does not show, as appellants contend, that she was fully acquainted with the condition of the company and its affairs at the time she bought. The financial condition of the corporation was not the inducement presented to her when solicited to purchase the stock. It was the ability of the machine, which the corporation owned, to do certain work that gave the value to the shares of stock purchased, and as to this she relied upon Hoyt's representations.

We see no prejudicial error in the court's sustaining the objection of plaintiff to the question propounded by defendants to the witness Deck. This witness, who was called on behalf of defendants, had testified in his direct examination that the machine was defective in certain respects. Notwithstanding this, defendants asked him whether or not, considering the principle on which the machine was constructed, he considered the machine a perfect one when he first saw it. The court sustained an objection to this question, which is assigned as error. The representation to the plaintiff was that it was a perfected machine as a matter of practical demonstration, and not that it was theoretically perfect, although mechanically a failure. The answer called for covered no issue in the case, and the ruling of the court was correct.

No prejudicial error appearing in the record, the judgment and order are affirmed.

Allen, P. J., and Shaw, J., concurred.