## COMO ORCHARD LAND CO., Respondent, *v*. MARKHAM ET AL., Appellants.

(No. 3,874.)

(Submitted February 2, 1918.   Decided February 25, 1918.)

[171 Pac. 274.]

*Fraud—Vendor and Purchaser—Election of Remedies—Rescission—Complaint.*

Pleading and Practice—Motion to Strike—Effect.

1. A motion to strike an allegation of the complaint having the effect of a demurrer, the allegation stricken will on appeal be deemed to be true.

Fraud—Election of Remedies.

2. A person injured by the fraudulent acts of another may elect to rescind, or may affirm the transaction and sue for damages.

[As to waiving the tort and suing for damages in *assumpsit*, see note in Ann. Cas. 1913D, 237.]

Rescission—Complaint—Contents.

3. To state a cause of action for rescission, plaintiff must allege that he has restored to the defendant everything of value which was received under the contract, or that he has offered to make restitution upon condition that defendant do likewise, unless it is made to appear that the latter is unable or positively refuses to do so.

Fraud—Expression of Opinion—When Fraud.

4. An expression of opinion concerning a material matter is actionable as fraudulent if the party making it possesses superior knowledge, such as would reasonably justify the conclusion that his opinion carries with it the implied assertion that he knows the facts which justify it, though he knows that he does not honestly entertain it, or if the opinion is so blended with facts that it amounts to a statement of facts.

Same—Representations—When Buyer may Rely upon.

5. A buyer of realty may rely upon the representations of the seller when the property sold is situated a long distance from the place where the sale is made and an investigation of the truth of the statements would entail great expense.

Same—Defense not Permissible.

6. A fraudulent seller cannot defend his actions on the ground of the buyer's credulity.

Same—Falsity of Representations—How Determined.

7. The falsity of representations as to land sold for fruit-raising purposes depended, not on whether the representations affected the quality of the land, but on whether they affected its value for the purposes for which bought.

As to effect of purchaser's concealment of misrepresentation of fact affecting the value of real estate, see note in 30 L. R. A. (n. s.) 748.

*Appeal from District Court, Ravalli County; R. Lee McCulloch, Judge.*

ACTION by the Como Orchard Land Company against Stuart H. Markham and another. From judgment for plaintiff, defendants appeal. Reversed and remanded.

*Messrs. Walsh, Nolan & Scallon,* for Appellants, submitted a brief; *Mr. C. B. Nolan* argued the cause orally.

While fully cognizant of the rules which are recognized in the case of fraudulent representations that when the means of obtaining knowledge are open to the complaining party, or where the representations have to do with future happenings, or where the representations may be characterized as trade talk, we insist that in this instance the representations complained of do not come under these headings, and that they are of such a character as to entitle the appellants to the relief which they demand. The allegations are that all of the statements of which complaint is made were false; they were known to be false, and they were made for the purpose of inducing the appellants to make a purchase of the property. (1 Bigelow on Fraud, 523; *Fargo Gas & Coke Co.* v. *Fargo G. & E. Co.,* 4 N. D. 219, 37 L. R. A. 593, 59 N. W. 1066; *Crawford* v. *Armacost,* 85 Wash. 622, 149 Pac. 31; *Jacobsen* v. *Whitely,* 138 Wis. 434, 120 N. W. 286; *Becker* v. *Clark,* 83 Wash. 37, 145 Pac. 65; *Koehler* v. *Dennison,* 72 Or. 362, 143 Pac. 649; *Power & Bro.* v. *Turner,* 37 Mont. 521, 97 Pac. 950; *Snively* v. *Meixsell,* 97 Ill. App. 365; *Williams* v. *Wilson,* 101 Ill. App. 541; *Krause* v. *Cook,* 144 Mich. 365, 108 N. W. 81; *Baker* v. *Crandall,* 7 Mo. App. 564; *May* v. *Loomis,* 140 N. C. 350, 52 S. E. 728; *American Cotton Co.* v. *Frank Heierman & Bro.,* 37 Tex. Civ. App. 312, 83 S. W. 845; *Davis* v. *Driscoll,* 22 Tex. Civ. App. 14, 54 S. W. 43; *Buena Vista Co.* v. *Billmyer,* 48 W. Va. 382, 37 S. E. 583; *Phillips* v. *Hebden,* 28 R. I. 1, 65 Atl. 266; *Mattauch* v. *Walsh Bros. & Miller,* 136 Iowa, 225, 113 N. W. 818; *Gurney* v. *Tenney,* 197 Mass. 457, 84 N. E. 428; *Hetland* v. *Bilstad,* 140 Iowa, 411, 118

N. W. 422; *Vincent* v. *Corbett,* 94 Miss. 46, 21 L. R. A. (n. s.)
85, 47 South. 641; *Olston* v. *Oregon Water Power & Ry. Co.,*
52 Or. 343, 20 L. R. A. (n. s.) 915, 96 Pac. 1095, 97 Pac. 538;
*Henry* v. *Continental Bldg. & Loan Assn.,* 156 Cal. 667, 105
Pac. 960; *Kendrick* v. *Ryus,* 225 Mo. 150, 135 Am. St. Rep. 585,
123 S. W. 937; *Carr* v. *Sanger,* 138 App. Div. 32, 122 N. Y.
Supp. 593; *Edward Barron Estate Co.* v. *Woodruff Co.,* 163
Cal. 561, 42 L. R. A. (n. s.) 125, 126 Pac. 351; *Beck* v. *Goar,*
180 Ind. 81, 100 N. E. 1; *Hubbard* v. *Oliver,* 173 Mich. 337, 139
N. W. 77; *Van Slochem* v. *Villard,* 154 App. Div. 161, 138 N. Y.
Supp. 852.)

*Messrs. O'Hara & Madeen,* for Respondent, submitted a brief;
*Mr. Robt. A. O'Hara* argued the cause orally.

A careful reading of the alleged false representations will
disclose the fact that the statements made come under the head
of "trade talk," vendors' opinions and visions of future profits,
which, to say the least, any man, even though credulous and
inexperienced, should have assayed at their proper value.
(*Williams* v. *McFadden,* 23 Fla. 143, 11 Am. St. Rep. 345, 1
South. 618; *Dugan* v. *Cureton,* 1 Ark. 31, 31 Am. Dec. 727;
*Gordon* v. *Parmelee,* 2 Allen (84 Mass.), 213; *Horton* v. *Lee,*
106 Wis. 439, 82 N. W. 360; *Brandt* v. *Krogh,* 14 Cal. App. 39,
111 Pac. 275; *Ott* v. *Pace,* 43 Mont. 82, 115 Pac. 37; *Lee* v. *Mc-
Clelland,* 120 Cal. 147, 52 Pac. 300; *Rendell* v. *Scott,* 70 Cal.
514, 11 Pac. 779; *Bickel* v. *Munger,* 20 Cal. App. 633, 129 Pac.
958; *Ripy* v. *Cronan,* 131 Ky. 631, 21 L. R. A. (n. s.) 305, 307,
115 S. W. 791.)

It is not every so-called false statement made by the vendor that
furnishes a cause of action, or which may be used as a defense.
"Fraud without damage, furnishes no cause of action; nor is
fraud without damage a defense." (*Holton* v. *Noble,* 83 Cal.
7, 23 Pac. 58; *Woodson* v. *Winchester,* 16 Cal. App. 472, 117
Pac. 565; *London & Lancashire F. Ins. Co.* v. *Liebes,* 105 Cal.
203, 38 Pac. 691; *Patterson* v. *Donner,* 48 Cal. 369; *Baker* v.
*Brown,* 82 Cal. 64, 22 Pac. 879; *Morrison* v. *Lods,* 39 Cal. 381.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court. ·

This suit was instituted to foreclose a mortgage given to secure an indebtedness of $4,500. The defendants admit the execution of the notes and mortgage and, by way of affirmative defense or counterclaim, allege: That in May, 1909, they purchased from the plaintiff the lands described in the mortgage and that the indebtedness sued upon represents the unpaid balance of the purchase price; that the lands were sold by plaintiff and purchased by defendants for orchard purposes; that plaintiff agreed to plant the lands to orchards and cultivate them for five years; that defendants were residents of Wisconsin, without experience in fruit raising and without any knowledge of the lands except such knowledge as they gained from the information furnished by plaintiff; that, to induce the purchase, plaintiff represented to defendants (b) that the locality where the lands are situated was a long-tried fruit district, free from serious crop failures, damaging frosts, or harmful pests; (d) that fruits of hardy and semi-hardy-varieties prosper in the locality as nowhere else in the United States; (e) that the demand for Montana grown fruits exceeded the supply and that there was a ready home market at remunerative prices; (g) that orchards operated by plaintiff in the vicinity had been successful, yielding large profits on the investments; (h) that apple growing has been very profitable in this vicinity, it being understood that these lands would be devoted principally to apple raising; and (k) that plaintiff had available expert knowledge of the business which would be applied to the end that proper selections of trees would be made and conditions injuriously affecting the industry avoided. It is alleged that all of these representations were false; were known to plaintiff to be false when made; that they were intended to be accepted as true and to be acted upon; that they were believed and acted upon by defendants to their damage, and that but for them the lands would not have been purchased; that defendants were lulled into a sense of security by subsequent statements of the same

character and did not discover that they had been imposed upon until within six months of the date this action was instituted.

Upon motion of plaintiff, the trial court struck out all the allegations of misrepresentation and, defendants declining to plead further, suffered judgment to be entered against them and appealed.

The motion to strike has the effect of a demurrer, and for the [1] purposes of this appeal all the allegations stricken are deemed to be true. Reduced to its lowest terms, the question presented is: Are these representations, or any of them, of such character as to furnish the basis for relief under the circumstances?

It is elementary that a person injured by the fraudulent acts [2] of another may elect to rescind or may affirm the transaction and sue for damages. (12 R. C. L., p. 405.) In order [3] to state a cause of action for rescission, it is necessary for the complaining party to allege that he has restored to the other party everything of value which was received under the contract, or that he has offered to make restitution upon condition that the offending party do likewise, unless it is made to appear that the latter is unable or positively refuses to do so. (Rev. Codes, sec. 5065; 18 Ency. Pl. & Pr. 829.) The counterclaim contains none of these necessary allegations and will not justify rescission.

Does it state a cause of action for damages? It does if the representations are material and it can be said that damages flow therefrom in the sequence of cause and effect.

Probably the most familiar example of fraud consists of telling a deliberate and intentional falsehood concerning a material matter. It is sometimes said that the expression of an opinion furnishes no ground for legal relief to one who relies upon it to his injury. Other authorities, however, modify this rule and limit the immunity to cases where the statement amounts to nothing more than an opinion and the parties have equal knowledge of the subject matter, or equal means of knowledge. (*Van Horn* v. *O'Connor*, 42 Wash. 513, 85 Pac. 260; *Aitken* v. *Bjerkvig*, 77 Or. 397, 150 Pac. 278.)

In *Butte Hardware Co.* v. *Knox,* 28 Mont. 111, 72 Pac. 301, this court said: "Mere expressions of opinion or of judgment do not, except in particular cases, which must be shown by the pleadings, constitute actionable fraud or·false representations"; and this doctrine was approved in *Ott* v. *Pace,* 43 Mont. 82, 115 Pac. 37.   But in neither case was any attempt made to amplify the subject or designate the circumstances under which the expression of an opinion might constitute fraud.

We think the following rule is sustained by reason and the [4] authorities: If the party expressing the opinion possesses superior knowledge, such as would reasonably justify the conclusion that his opinion carries with it the implied assertion that he knows the facts which justify it, his statement is actionable if he knows that he does not honestly entertain the opinion because it is contrary to the facts. . (*Edward Barron Estate Co.* v. *Woodruff,* 163 Cal. 561, 42 L. R. A. (n. s.) 125, 126 Pac. 351). So, likewise, an opinion may be so blended with facts that it amounts to a statement of facts.   (*Sheer* v. *Hoyt,* 13 Cal. App. 662, 110 Pac. 477.)

Authorities may be found which, by making a liberal allowance for the optimism of a seller, refuse to hold him legally responsible for "puffing his own wares" or engaging in so-called dealer's talk, even though his statements do not square with the truth, and this upon the theory that no sensible person ought to be influenced by such considerations; but even this rule, thus broadly stated, is not generally looked upon with favor at the present time.   (*Prescott* v. *Brown,* 30 Okl. 428, 120 Pac. 991.) Of course, statements may be so extravagant that even the most credulous person ought not to believe them, and the law cannot undertake to reward mere folly.   From the very nature of the subject there cannot be any definite rule by which to determine whether representations do or do not constitute fraud.   The utmost that can be done is to judge the representations involved in the particular case, by the results which ought reasonably to be anticipated from a reliance upon them, by one whose situation is such that he may rightfully accept them as true.

If the complaining party examined the property—the subject matter of the transaction—or had the opportunity at hand to examine it, and failed without fault of his adversary, he cannot plead his own bad judgment in the one case, or his negligence in the other, as a foundation for legal liability. (*Power & Bro. v. Turner,* 37 Mont. 521, 97 Pac. 950.) But while the law does not reward the negligence or folly of a buyer, it does not require [5] him to pursue an independent investigation to ascertain the truth or falsity of the seller's representations when the property is situated a long distance from the place of the transaction and an investigation would entail great expense. (*Becker* v. *Clark,* 83 Wash. 37, 145 Pac. 65.) It is not alleged specifically that the sale of these lands took place in Wisconsin, but we think it is fairly inferable from the counterclaim, considered in its entirety. It was therefore a question for the jury whether, under the circumstances, the defendants were negligent in failing to investigate. It was also a question for the jury whether, under the advantageous position occupied by the plaintiff, its opinions were not so blended with alleged facts as to constitute them fraudulent representations within the rule above.

Some of these representations are very broad—even immoderate in the terms employed; but we do not think that it can be said, as a matter of law, that any one of them is so inherently improbable that defendants, as reasonably prudent persons, ought to have questioned its verity. It is rather an unsavory defense for plaintiff to say: "I made these representations to induce the sale, knowing they were false; but defendants were foolish not to suspect I was a knave." (*Jacobsen* v. *Whitely,* 138 Wis. 434, [6] 120 N. W. 286.) A fraudulent vendor cannot appeal to the law to extol his deceit and condemn the credulity of his victim.

It is no answer for plaintiff to make that these representations, if false, do not affect the quality of the lands. Defend-[7] ants had the right to select the purpose for which they would be devoted, and, since they were sold for orchard purposes, the question is: Do these representations, if false, affect the value of the lands for the purposes intended? It would

seem to follow as a natural consequence that these lands would be worth much less for fruit raising if the locality was subject to late frosts in the spring or early frosts in the fall, or if it was infected with harmful insect pests, or if hardy or semi-hardy varieties could not be made to prosper, or if the home market was already glutted with Montana grown fruits, or if other orchards in the vicinity had proved failures, or if plaintiff did not have expert knowledge of the business available for use in making proper selections of trees for planting or in the care of the orchards during the prebearing period. We have omitted reference to such other representations as we deem immaterial under the circumstances. For instance, it is alleged that plaintiff represented that there was available an ample supply of water for irrigation; but it is not alleged that these lands require irrigation.

The representations considered herein fall within the definition of fraud contained in section 4978, Revised Codes, and for this reason the court erred in striking them from the answer.

The judgment is reversed and the cause is remanded for further proceedings.

*Reversed and remanded.*

MR. JUSTICE SANNER concurs.

MR. CHIEF JUSTICE BRANTLY, being absent, takes no part in the foregoing decision.