[Civ. No. 3204. Second Appellate District, Division Two.—May 1, 1920.]

HANNAH EDGE, Respondent, v. E. P. BRYAN et al., Appellants.

[1] VENDOR AND VENDEE—PRESENCE OF GAS-PIPES UNDER LAND— REPRESENTATION OF EXISTING FACT.—A representation by the vendor to the vendee under a contract for the purchase of certain land "that gas-pipes were already upon or under the land" is of an existing fact, and not a promise of something to be done before the completion of the contract.

[2] ID.—"VIRGIN SOIL"—EXPRESSION OF FACT.—A representation by the vendor to the vendee that the land agreed to be sold was "virgin" soil was an expression of fact, and not one of opinion, where, on being asked what "virgin soil" meant, the vendor said that it "had been a sheep pasture and never cultivated."

[3] ID.—REPRESENTATIONS OF VENDOR—RELIANCE ON BY VENDEE— WHEN NOT EXPRESSIONS OF OPINION—ESTOPPEL.—Where the vendee relies on the representations of the vendor, and acts upon the

3. Right to rely on representations by vendor as to quality or condition of soil, note, L. R. A. 1917C, 273.

faith thereof, without relying on his own judgment or opinion, and this is known to the vendor, the latter cannot shelter himself under the pretense that his representations were mere expressions of opinion, when they are discovered to be false.

[4] ID.—SUFFICIENCY OF PLEADING AND PROOF.—In this action by the vendee against the vendors to rescind a contract for the purchase of land, and for damages, the plaintiff not only alleged, but proved, that she believed the representations made by the defendants were true and relied upon them and that she was damaged thereby.

[5] ID.—DEFENSE NOT PLEADED—REJECTION OF EVIDENCE PROPER.—In such action, the trial court properly sustained plaintiff's objections to certain evidence offered by defendants, which evidence tended to prove that during a certain period of time the land which was not under cultivation was covered with barley stubble, and as to whether defendants had themselves farmed this particular piece of land, where there was no allegation setting up that defense.

APPEAL from a judgment of the Superior Court of Orange County. Z. B. West, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. W. Butler for Appellants.

William M. Morse, Jr., and Sam B. Dannis for Respondent.

THOMAS, J.—Appeal from a judgment of the superior court by the defendants, E. P. Bryan, L. T. Bradford, and H. H. Cotton, entered against them and in favor of the plaintiff, for the sum of $2,669.84. The complaint alleged facts which, if true, would support a rescission of the contract referred to therein, and a recovery of damages claimed, if proven. Demurrer to the complaint was interposed, general and special, and by the court overruled. The answer of the defendants denied generally and specifically all the material allegations of the complaint.

The complaint for the relief asked was based upon certain alleged fraudulent representations made at the time of an alleged sale of real property, and which said alleged fraudulent representations, as set forth in the complaint, are as follows: "(1) That gas-pipes were already upon or under said land; (2) that said land was virgin, rich and arable;

(3) that before the completion of the contract of purchase, water would be piped by the defendants to every acre of said land; and (4) that before the completion of said contract, defendants would build in the subdivision, at a point convenient of access to the land purchased by plaintiff, a warehouse for the storing and marketing of the respective products of said land. That said representations, facts and promises were a part of the consideration which induced the plaintiff to enter into said memorandum or agreement of purchase." Then follows the usual allegation that said representations were false, and by the defendants known to be false, specifically specifying the facts supporting this statement. The complaint further alleges: "That said promises of defendants were false and fraudulent, and were made without any intention to perform the same or to carry out any of the terms of said promises, and for the sole purpose of inducing plaintiff herein to enter into said purchase"; that plaintiff believed said statements to be true; and that so believing she entered into said contract, etc.

It is assumed by appellants, for the purpose of their argument on this appeal—and this assumption is supported by the record—that plaintiff's proof sustains her allegations as to both the representations and the promises. They urge passionately, notwithstanding this fact, that "as a general rule it is established that representations, to be actionable, must be of an existing fact or present condition, and not as to future intention," and "must have been made without intention to perform." There is no legal requirement that *all* such statements must be false. They also urge that "it is apparent, therefore, that the time when the alleged promises of defendants were to be performed has not arrived, because the promises were of things to be done before the completion of the contract, and the contract has never been completed"—hence, no cause of action can be maintained under such circumstances.

If this were the question with which we are confronted we could readily concede the correctness of the contention. [1] Among others of the allegations of the complaint we find that it was represented "that gas-pipes were already upon or under the land," and that the land was "virgin, rich and arable." Certainly, the first of these alleged representations is of an *existing* fact. It is also one which, ac-

cording to the evidence and the concession of appellants, was at the time it was made untrue. **[2]** Plaintiff testified that she did not know what was meant by the phrase "virgin soil." We think it immaterial as to what construction the courts have placed upon, or what definition may have been given by any authority of the phrase "virgin soil." There can be no question, we think, when that phrase is construed in the light of the evidence here, but that it was an expression of fact, and not one of opinion; for the evidence shows that the defendants not only said that the land was "virgin," but that, on being asked what "virgin soil" meant, said that it "had been a sheep pasture and never cultivated." To convey the impression that the land was "virgin," under the facts alleged, proven and found by the trial court to be true, was a representation of a fact, and not an expression of an opinion. **[3]** Moreover, where, as in this case, "the vendee relies on the representations of the vendor, and acts upon the faith thereof, without relying on his own judgment or opinion, and this is known to the vendor, the latter cannot shelter himself under the pretense that his representation was a mere expression of opinion, when it is discovered to be false." (12 R. C. L. 248.) Indeed, we think the general modern tendency is to hold the vendor to a fairly strict accountability for his representations made in connection with such sales as that under consideration here. We have no difficulty in arriving at a conclusion on the first point urged by appellants.

**[4]** The second point presented is that, "assuming that the representations were not true, plaintiff must show that she believed them to be true and relied upon them"; while in the third place it is contended that "she must show that she was damaged by them." We are in full accord with appellants on both propositions, so far as this case is concerned. By a mere cursory perusal of the complaint, and the evidence as disclosed by the record before us, it becomes manifest that plaintiff not only has alleged, but has brought herself squarely to the place where she is not vulnerable to the objections raised.

**[5]** It is next contended that the court erred in sustaining objections to certain evidence offered by defendants, which evidence tended to prove that during a certain period of time the land which was not under cultivation was cov-

ered with barley stubble, and as to whether defendants had themselves farmed this particular piece of land. As we have already seen, the answers of the defendants were general denials of the material allegations of the complaint. There was no such issue presented. The issue here was as to whether the alleged false representations had in fact been made. The objections were properly sustained. In the absence of an allegation setting up that defense, the evidence was properly excluded. In any event, to have overruled the objections, permitting the presentation of the proffered evidence, would not have changed the result on this case. On the contrary, it would have supported the plaintiff in her claim, for the reason that the evidence sought to be introduced would have been in direct conflict with defendants' statement that the land in question had never been cultivated. In such case defendants cannot complain.

We concur with the learned trial judge in his observation when he said: "In the mind of the court there is not a single meritorious contention on the part of the defendants. No court, in the discharge of its own duty, could permit transactions of the character involved herein to stand."

Judgment affirmed.

Finlayson, P. J., and Sloane, J., concurred.