CAMPANA, RESPONDENT, v. DOBRY, ADMX., ET AL., APPEL-
LANTS.

(No. 5,344.)

(Submitted November 17, 1923. Decided December 14, 1923.)

[221 Pac. 540.]

*Contracts—Real Property—Vendor and Purchaser—Rescission*
*—Fraud—Complaint—Sufficiency—Remedies—Laches.*

Contracts — Vendor and Purchaser — Rescission—Fraud—Complaint—Suffi-
ciency.
1. Allegations in an action to rescind a contract for the sale of
city lots on the ground of fraud perpetrated by the vendor in pro-
curing the scrivener to insert in the deed numbers of inside lots
instead of corner lots intended to be bought, *held* sufficient to charge
actual fraud.

Same—Failure of Defendant to Introduce Evidence—Reliance on Technical
Insufficiency of Complaint—Appeal and Error—When Judgment for
Plaintiff Affirmed.
2. Where defendant in an action to rescind a contract on the ground
of fraud did not offer any evidence to rebut plaintiff's case but con-
tented herself with objecting to the sufficiency of the complaint and
relying on the defense of laches, and the complaint was sufficient and
defendant was not deprived of any substantial right at the trial,
the judgment in favor of plaintiff will be affirmed.

Same—Fraud—Remedies.
3. Neither the remedy afforded by section 7565, Revised Codes of
1921, giving a party to a contract the right to rescind on the ground
of fraud, among others, nor that granted by section 8726, under
which he may have the contract reformed on the same ground, is
exclusive, each being independent of the other; hence the defrauded
party may elect to pursue either remedy.

Same—Fraud—Laches—When Defense not Maintainable.
4. One charged with fraud in causing numbers of inside city lots
to be inserted in the deed, whereas the purchaser intended to buy and
the vendor agreed to sell corner lots, will not be heard to defend
on the ground of laches because of plaintiff's failure to consult the
abstract of title for some two years, where the evidence showed
that immediately after discovering the fraud defendant assured
plaintiff that she would "fix it."

Same—Fraud—What Defense not Available.
5. One may not procure a contract in his favor by fraud and
then bar a defense to it on the ground that, had the defrauded
party not been so ignorant or negligent, he (defendant) could
not have succeeded in deceiving him.

---

3. Inconsistency of remedies as essential to application of doctrine of
election of remedies, see note in 6 Ann. Cas. 212. .
4. Doctrine that person guilty of fraud cannot urge negligence of
defrauded party, see note in 37 L. R. A. 594.

[69 Mont. 240.]

*Appeal from District Court, Silver Bow County; Joseph R. Jackson, Judge.*

ACTION by Pellegrina Campana against Margaret Carson Dobry, individually and as administratrix of the estate of John R. Dobry, deceased. Judgment for plaintiff and defendants appeal. Affirmed.

*Messrs. Maury & Melzner, Mr. N. A. Rotering* and *Mr. A. C. McDaniel,* for Appellants, submitted a brief; *Mr. Rotering* argued the cause orally.

The complaint does not state a cause of action in rescission, and the evidence is insufficient to justify the decision of the court. Reformation was the proper remedy. (*Stanek* v. *Libera,* 73 Minn. 171, 75 N. W. 1124; *Bindseil* v. *Federal Union Surety Co.,* 130 App. Div. 775, 115 N. Y. Supp. 447; *Gaffney Mercantile Co.* v. *Hopkins,* 21 Mont. 13, 52 Pac. 561; *Sanford* v. *Gates, Townsend & Co.,* 21 Mont. 277, 53 Pac. 749; *American Min. Co.* v. *Basin & Bay State M. Co.,* 39 Mont. 476, 24 L. R. A. (n. s.) 305, 104 Pac. 525; *Schelling* v. *Bischoff,* 18 N. Y. Supp. 859; *Davy* v. *Davy,* 98 App. Div. 630, 90 N. Y. Supp. 242; *Critchfield* v. *Kline,* 39 Kan. 721, 18 Pac. 898; *McCormick Harvesting Mach. Co.* v. *Woulph,* 11 S. D. 252, 76 N. W. 939; *Story* v. *Gammell,* 68 Neb. 709, 94 N. W. 982; *Newland* v. *First Baptist Church,* 137 Mich. 335, 100 N. W. 612.)

The plaintiff has been guilty of both laches and negligence. (*American Min. Co.* v. *Basin & Bay State Min. Co.,* 39 Mont. 476, 483, 24 L. R. A. (n. s.) 305, 104 Pac. 525; *Kavanaugh* v. *Flavin,* 35 Mont. 133, 88 Pac. 764; *Hammond* v. *Hopkins,* 143 U. S. 224, 36 L. Ed. 134, 12 Sup. Ct. Rep. 418; *Persinger* v. *Chapman,* 93 Va. 349, 25 S. E. 5; *Patterson* v. *Hewitt,* 195 U. S. 309, 49 L. Ed. 214, 25 Sup. Ct. Rep. 35 [see, also, Rose's U. S. Notes].)

*Mr. John K. Claxton* and *Messrs. Lamb & Malloy*, for Respondent, submitted a brief; *Mr. D. J. Malloy* argued the cause orally.

MR. JUSTICE COOPER delivered the opinion of the court.

The complaint alleges that the plaintiff entered into an agreement with the defendants to purchase two corner lots in block 6 of the Montrose addition to the city of Butte; that in order to induce the purchase defendants falsely represented to plaintiff that lots 3 and 4 in block 10 "were corner lots on the northwest corner of Diamond and Emmet Streets" in the Montrose addition; that, with intent to defraud the plaintiff, the defendants caused to be inserted in the written contract between them lots 3 and 4 in block 10, which were not corner lots, as plaintiff believed; that afterwards she discovered that the lots inserted in the contract were not the lots she bargained for, but were undesirable for a homesite, and worth $300 less than the corner lots she intended to buy; that immediately upon discovering the misrepresentation and fraud so practiced upon her, she notified the defendants that she elected to rescind and cancel the contract and offered to restore to defendants everything of value received thereunder and to do equity in the premises.

The defendants filed a general demurrer to the complaint, which was overruled. Mrs. Dobry, individually and as administratrix, then filed an answer denying all the allegations of the complaint. The cause was tried without a jury. Upon the evidence adduced the court found that prior to the making of the written contract, defendant represented that she would sell plaintiff lots 31 and 32 in block 6; that plaintiff did not know the description of the lots, but did know that the lots she desired were situated at the northwest corner of Diamond and Emmet Streets; that defendant agreed to have the proper lots inserted in the written contract and deed, but instead in-

[69 Mont. 240.]

serted therein lots 3 and 4 of block 10 of the Montrose addition, which lots were worth $300 less than the lots she intended to buy; that immediately upon discovering the fraud, plaintiff notified defendants of her election to rescind the contract and to return to them everything of value she had received thereunder; that plaintiff never took possession of any of the property, nor did she receive anything of value from the defendants; that defendants have not offered to convey lots 31 and 32 in block 6 of the Montrose addition according to plaintiff's understanding of the agreement; that all of the plaintiff's allegations are true and the denials of the defendants' answer are untrue. Judgment rescinding the contract and directing the return of the $2,000 deposited in the bank was rendered and entered. The appeal is from the judgment.

Appellant's counsel urge that the pleadings and the evidence show that plaintiff's remedy was reformation and not rescission under the terms of section 8726, Revised Codes of 1921; (2) that plaintiff has not offered to do equity; and (3) that she is guilty of laches and neglect.

The defendants offered no evidence. The plaintiff's proof [1] was that neither Mrs. Campana, Father Franchi nor Mrs. Dobry knew the numbers of the lots which were the subject of bargain. Father Franchi testified that when he interviewed Mrs. Dobry for Mrs. Campana no lots, other than corner lots, were discussed between them, and that Mrs. Dobry then told him that she did not know the numbers of the lots the plaintiff wanted. Mr. Thomas J. Davis, the attorney and agent of Mrs. Dobry, testified that he did not know the numbers of the lots intended to be sold when he drew the contract, but learned the description from Mrs. Dobry later and at her suggestion wrote in lots numbered 3 and 4 in block 10. The court was justified in finding upon this evidence that the plaintiff intended to buy corner lots; that defendants so understood, but, "with intent to defraud the plaintiff," Mrs. Dobry caused the wrong lots to be written in the contract.

Section 7480 of the Revised Codes of 1921 declares that an act "committed by a party to the contract, or with his connivance, with intent to deceive another party thereto, or to induce him to enter into the contract," or "any other act fitted to deceive," constitutes actual fraud. The fraud ascribed by the district court to Mrs. Dobry was the act of causing her attorney and agent to insert in the written contract lots other than those agreed upon by the parties, and of less value.

The allegations charging the particular act of fraud are in accord with the rules of pleading laid down by this court, and sufficiently apprised the defendants of the case they would have to meet upon the trial. (*Post* v. *Liberty,* 45 Mont. 1, 121 Pac. 475; *Connelly Co.* v. *Schlueter Bros., ante* p. 65, 220 Pac. 103; *Healy* v. *Ginoff, ante,* p. 116, 220 Pac. 539.)

Furthermore, the defendant offered no evidence to rebut [2] the plaintiff's proof; nor did she see fit to deny the statement of Mr. Davis, that the number of the lots incorporated in the contract were furnished by her, but contented herself with standing on the insufficiency of the complaint to entitle the plaintiff to rescind the contract, and the legal defenses of laches and negligence, thus affording another "illustration of the common-sense rule that, unless there is a want of substance in the complaint upon the particular issue involved and a failure of proof in consequence, a case should not be reversed at the instance of a defendant who has not been deprived of a substantial right." (*Davis* v. *Freisheimer,* 68 Mont. 322, 219 Pac. 236; see, also, *Weibush* v. *Jefferson Canal Co.,* 68 Mont. 586, 220 Pac. 99.)

Section 7565, Revised Cides of 1921, gives the right to re- [3] scind when consent of the rescinding party was given by mistake, or obtained through duress, menace, fraud or undue influence, or through the fault of the party as to whom he rescinds. Under section 8726, when through fraud or mutual mistake of the parties, or a mistake of one party which the other at the time knew or suspected, a written contract does

not express the intention of the parties, it may be so revised as to express that intention on the application of the aggrieved party. Neither section is exclusive, but each is independent of the other; the first giving the right of rescission, the latter the right of reformation. The fact that revision may be had because of fraud or mistake in a contract which does not truly express the intention of the parties does not deprive the party defrauded of the right to rescind. Read together, as they should be, and correctly understood, the two sections are distinct and afford different remedies. As she had a right to do under section 7565, the plaintiff elected to bring an action to cancel and rescind the contract because of the fraud practiced upon her, and to frame her pleadings accordingly.

Was the plaintiff guilty of laches and neglect? Appellants [4] contend that the evidence discloses that the abstract was in the hands of the plaintiff for a period of two years before she complained of the fact that the wrong lots had been inserted in the contract, and was therefore guilty of such laches and neglect as would defeat any right she might have.

The testimony was that immediately upon discovering that inside lots had been written into the contract instead of the corner lots the plaintiff had bargained for she requested Father Franchi to call on Mrs. Dobry and induce her to substitute lots 31 and 32 in block 6, the corner lots agreed upon, for lots 3 and 4 in block 10, and offered to return the contract and everything else she had received in the transaction. Father Franchi testified that at plaintiff's request he made a special trip to Butte and called upon Mrs. Dobry, told her that lots 3 and 4 in block 10 written in the contract were inside lots and not the corner lots they had agreed were to be conveyed to plaintiff, and that in response to his demands she said, "You can go home and I'll fix it." Frank McKay, who lived near the premises, testified that he had been in the employ of Mrs. Campana for a number of years, and that at her request he had kept the sidewalks surrounding lots 31 and 32 clear of snow and ice during the winter, and in other seasons removed

the rocks and debris thrown thereon by the children from the piles of dirt upon them. From this record of credible and undisputed evidence the court was at liberty to characterize the conduct of Mrs. Dobry as an act fitted to deceive, and as constituting fraud, and to repel the charge that the plaintiff was guilty of laches and neglect in the assertion of her right in the premises.

Under the conditions presented, the rule laid down in *Wilcox* v. *Schissler*, 55 Mont. 246, 175 Pac. 889, seems to be peculiarly applicable. There it was held: "In ordinary business transactions parties are expected and required to use reasonable care and prudence, and not rely upon those with whom they deal to care for and protect their interests. (*Grindrod* v. *Anglo-American Bond Co.*, 34 Mont. 169, 85 Pac. 891.) But, as said by Justice Cassoday, in *Warder etc. Co.* v. *Whitish*, 77 Wis. 430, 46 N. W. 540: 'Certainly no one will contend that a person can procure the signature of a party to a contract by false representations, and then enforce the contract on the ground that, had the party so deceived been more vigilant, he would have discovered the fraud in time to have withheld his signature from the contract. In other words, a person cannot procure a contract in his favor by fraud, and then bar a defense to it on the ground that, had not the other party been so ignorant or negligent, he could not have succeeded in deceiving him.' " (See, also, *Como Orchard Land Co.* v. *Markham*, 54 Mont. 438, 171 Pac. 274, where many cases are cited to the same effect.)

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES HOLLOWAY, GALEN and STARK concur.