[Civ. No. 6125. First Appellate District, Division Two.—February 28, 1928.]

COLE BROTHERS et al., Appellants, v. F. M. DIMMICK et al., Respondents.

Newlin & Ashburn for Appellants.

Schweitzer & Hutton and B. R. Ware for Respondents.

STURTEVANT, J.—The plaintiffs commenced an action against the husband, F. M. Dimmick, to recover commissions claimed to have been earned in negotiating a sale of real estate. For reasons best known to the plaintiffs they commenced another action against the wife, Lucile M. Dimmick, for the same relief. Each defendant appeared and answered. The two actions, by consent, were tried together before the trial court sitting with a jury. The jury returned a verdict for the plaintiffs. The defendants made a motion for a new trial. The motion was granted and the plaintiffs have appealed from that order.

Prior to September 1, 1923, the defendants were the owners of a tract of land in Los Angeles. The title stood in the wife, but the land was community property. The plaintiffs were copartners and were licensed realtors transacting a real estate business. As early as the month of August in that year the plaintiffs and defendants had commenced talking about a transfer of the land to R. V. New. The latter had, at different times, discussed the possible construction of an own-your-own apartment building, a hotel, and other possibilities. The defendants' tract was mortgaged to secure the payment of a promissory note in the sum of $65,000. The mortgage was held by the Misses Dent. By its terms the mortgage could be paid July 19, 1924. That fact was discussed by all of the parties, the owners, their agents, and the proposed purchaser, at various times when the materiality of that fact was under consideration. On one or more of those occasions the plaintiffs and R. V. New stated that the title insurance companies doing business on Los Angeles issued contracts even though the property was mortgaged. The exact terms of such contracts were not discussed or examined in detail. On October 10, 1923, the defendant F. M. Dimmick gave the plaintiffs a written authorization authorizing them "to buy or sell the lot for $160,000—$60,000 cash and balance one, two and three years at 7% interest." No transfer was made under that authorization. On October 26, 1923, another authorization was given. The term was five days. The price was stated at "$160,000 on the

following terms and conditions: $60,000 cash and balance on or before one, two, and three years." It did not refer to the instrument dated October 10, 1923. It provided for a possible mortgage of $100,000 and therefore the existence of a mortgage for $65,000 did not conflict. Thereafter the plaintiffs wrote out and caused to be signed a paper as follows:

"Phone 769-048

"Cole Brothers

"Real Estate

"1001 South Western Avenue

"Los Angeles, Cal., October 29, 1923.

"Received from Robert Valentine New, address 1419 So. St. Andrews Pl., Tel. 766-550, the sum of $1,000.00 (one thousand) dollars, as a deposit and part payment on the purchase of the following described property: Lot W. 80' of lot 3, block 7, Tract, Wilshire Blvd. Tract corner of Wilshire Blvd. and Benton Blvd., which property the payor of the above named deposit hereby agrees to buy for the sum of $160,000.00, on which sum the above deposit shall apply, the balance to be paid as follows:

| | | | | | | |
|---|---|---|---|---|---|---|
| $ 1,000.00 | Cash on deposit | | | | | |
| 1,000.00 | " | 10 days from opening of escrow | | | | |
| 1,000.00 | " | 20 " | " | " | " | " |
| 1,000.00 | " | 30 " | " | " | " | " |
| 156,000.00 | " | 2 days prior to close of ninety day escrow | | | | |

$160,000.00 Total purchase price in cash.

"Purchaser to open escrow before close of current week.

"This sale is made by Cole Brothers, subject to the owner's approval. If so approved, it is a part of this agreement that the owner shall furnish a good and sufficient deed conveying the property to the purchaser *and a certificate of title to the Title Insurance & Trust Co. or Title Guarantee & Trust Co., showing the title to be in the owner free and clear from Incumbrance* except conditions, restrictions, reservations and rights of way of record. Taxes, interest and insurance to be adjusted to close of escrow.

"If the owner does not approve this sale or cannot convey the property as herein provided, the said deposit shall be returned to the purchaser, but if the conditions of this agreement can be fulfilled by the seller and the purchaser

fails to complete the purchase, the deposit shall be forfeited as liquidated damages.

"The owner shall have 2 days to approve this agreement.

"COLE BROTHERS, Agents.

"Above terms approved.

"ROBERT V. NEW, Purchaser.

"I hereby approve and confirm the above sale October 29, 1923, and agree to pay Cole Bros. a sum equal to Los Angeles Realty Board rate of commission, 5% on $50,000 and 2½% thereafter.

"LUCILE M. DIMMICK,
"Owner."

Later such other papers were signed that the case presents no question as to the statute of frauds. On the date last mentioned neither the plaintiffs nor R. V. New directed the attention of the defendants to the fact that the paper dated October 29, 1923, contained any words limiting the title insurance papers to any particular form nor did the parties have any further discussions regarding the payment of the mortgage. Soon after the above instrument had been signed R. V. New commenced to make arrangements looking toward the construction of a hotel and the issuance of bonds to obtain the funds to finance the project. It then transpired that the title companies would not issue a certificate showing "the title free and clear" until the mortgage was released; that the mortgagees would not, prior to July 19, 1924, release the mortgage; that, with the mortgage not released, the title companies would issue an insurance policy, but they insisted that the policy should recite the existence of the unpaid mortgage and the fact that the title company held the moneys to pay the mortgage on July 19, 1924. When these facts were considered in connection with the proposed bond issue it became apparent that the condition of the title would impair the salability of the bonds. Later the vendor and vendee mutually rescinded their contract. The plaintiffs refused to join in the rescission and sued for their commissions. In their answer the defendants pleaded certain denials and also pleaded certain affirmative matter. Among other things, they alleged:

"That prior to the execution of the agreement of October 29th, the said New and the plaintiffs, knowing of the existence of an unmatured mortgage upon the said premises,

came to this defendant and stated *that the title companies in the city of Los Angeles could and would issue a bond whereby the said mortgage could be taken care of in such manner that a certificate could be issued showing the title to the said premises free and clear of the said mortgage;* that the defendant, in reliance upon the said representation and with the mutual understanding that the said certificate would be so obtained by the plaintiffs, executed the agreement of October 29, 1923, with New and the plaintiffs, and it was understood and intended and agreed by, between and among the parties that if the said unmatured mortgage on the premises was so taken care of by the plaintiffs within the ninety-day period provided for in the agreement, that the said Robert Valentine New would accept the said premises and certificate under the agreement, and make the payments to the defendant as provided for in the said agreement; and it was also understood and agreed by, between and among the said defendant and plaintiffs and said New that if the plaintiffs were unable or failed to obtain the above described bond and certificate of title, that the agreement of October 29th would be void, rescinded and of no further effect between the said three parties to the agreement. That the defendant was at all times ready and willing to accept the said bond, but that the plaintiffs failed and refused to obtain the said bond.

"That the said Robert Valentine New and the plaintiffs were thereupon notified of the defendant's inability to convey free and clear of the said mortgage, whereupon, under and pursuant to the agreement of October 29th, all moneys paid into escrow by the said New and all moneys given to F. M. Dimmick were returned to the said New, and the said New executed in writing a release to the defendant, wherein the defendant was released from all further obligation and liability under the said contract and agreement of October 29th."

Except as we will presently mention, we do not understand the plaintiffs to contend that the defense, if true, was insufficient. However, they assert that the representations were but the expression of opinions. The unqualified statements of the class of contracts sold by certain corporations, were not statements of opinions. (*Meyers* v. *Lowery,* 46 Cal. App. 682, 685 [189 Pac. 793]; *Edge* v. *Bryan,* 47

Cal. App. 312, 315 [190 Pac. 476].) ██ But conceding that they were statements of opinions, they were of that class that, under certain circumstances, are actionable. (*Johnson* v. *Withers*, 9 Cal. App. 52 [98 Pac. 42]; *Sheer* v. *Hoyt*, 13 Cal. App. 662 [110 Pac. 477]; *Herdan* v. *Hanson*, 182 Cal. 538 [189 Pac. 440].)

As the plaintiffs had been the authorized agents of the vendors since October 10th, that fact is of particular importance as bringing this case within the doctrine of the cases cited. (*Calmon* v. *Sarraille*, 142 Cal. 638, 641 [76 Pac. 486]; *Barron Estate Co.* v. *Woodruff Co.*, 163 Cal. 561, 576 [42 L. R. A. (N. S.) 125, 126 Pac. 351].) On the trial much evidence was adduced on the issue so made, and there was a sharp conflict in favor of the defendants. The surrounding circumstances were decidedly in favor of the defendants. We think it is quite clear that the trial court did not err in granting a new trial.

The order appealed from is affirmed.

Koford, P. J., and Nourse, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on March 29, 1928, and a petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 26, 1928.

All the Justices present concurred.