No. 13322

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

RICHARD J. BAILS and PATRICIA J.
BAILS, husband and wife,

Plaintiffs and Appellants,

-vs-

NORMAN C. WHEELER and WILLIAM
RICHARDSON,

Defendants and Respondents.

Appeal from:  District Court of the Eighteenth Judicial
District
Honorable W. W. Lessley Judge presiding

Counsel of Record:

For Appellants:

Berg, Angel, Andriolo and Morgan, Bozeman, Montana
Ben E. Berg argued, Bozeman, Montana

For Respondents:

Landoe and Gary, Bozeman, Montana
Hjalmar Landoe argued, Bozeman, Montana
Bennett and Bennett, Bozeman, Montana
Lyman Bennett, Jr. argued and Lyman Bennett, III
appeared, Bozeman, Montana

Submitted:  January 10, 1977

Decided: FEB 4 - 1977

Filed: FEB 4 97

Thomas J. Kearney
Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

This is an action for damages by the purchaser of a ranch against two real estate agents based on alleged fraudulent representations whereby he was induced to enter into the purchase contract. The district court of Gallatin County entered summary judgment for defendants. Plaintiff purchaser appeals.

A synopsis of the transaction forming the basis of this suit appears in our opinion in Bails v. Gar, _____Mont._____, _____P.2d_____, 33 St.Rep. 1256. That case was a suit by the purchaser of the ranch against the seller based on alleged false representations inducing the purchaser to enter into the contract; the instant case is a suit by the purchaser against the two real estate agents based upon substantially the same representations. We vacate the summary judgment here for the same reasons we vacated it in Bails v. Gar/ supra, viz. that there are genuine issues of material fact precluding summary judgment.

The alleged false representations in the instant suit are that the ranch contains 5,200 deeded acres; that it would raise and sustain 400 animal units; that there were 300 acres of hay land which produced 900 tons of hay per year; that there were 60 acres of crop land which produced 21 bushels of grain per acre; and that the property would produce an income of at least $80,000 per year.

A so-called "brochure" appears to contain the principal representations on which the instant case is based, and the real source of factual issues. It is both identified as "Exhibit A" attached to the complaint which contains the first four representations complained of, and at one point it is referred to by a defense attorney as the "missing brochure". There is much confusion surrounding it.

Bails says he received a "brochure", apparently from Richardson, describing the ranch and containing most of the

misrepresentations complained of. Although he does not identify "Exhibit A" as the document he received, he says it is very similar to it. Richardson says he received the "brochure" from Wheeler and simply relayed it to Bails. Wheeler argues Richardson must have changed it because Bails does not identify the one Wheeler sent as the one he received.

These conflicting contentions concerning the "brochure" together with our discussion in Bails v. Gar, supra, indicate issues of fact precluding summary judgment.

As to the fifth representation, defendants argue the representation the ranch would produce $80,000 income is an opinion and not actionable as fraud. This representation apparently came out of a discussion among the parties while Bails was being shown the ranch. Bails says Richardson stated the ranch would produce $100,000 income and Wheeler reduced that figure to $80,000. Bails says he believed these men to be honest and trusted them.

All parties cite the following rule as controlling:

" * * * If the party expressing the opinion possesses superior knowledge, such as would reasonably justify the conclusion that his opinion carries with it the implied assertion that he knows the facts which justify it, his statement is actionable if he knows that he does not honestly entertain the opinion because it is contrary to the facts." Como Orchard Land Co. v. Markham, 54 Mont. 438, 443, 171 P. 274.

The opinion of the Court in Como continues:

"So, likewise, an opinion may be so blended with facts that it amounts to a statement of facts."

We hold the income representation may be actionable within either of the above rules depending on determination of issues of fact. Indications are the real estate brokers had superior knowledge of ranching and one of them had superior knowledge of the particular ranch in question. A cash flow estimate had been prepared that year indicating a much lower income.

- 3 -

For the foregoing reasons, the summary judgment is vacated and the cause remanded to the district court, Gallatin County, for further proceedings consistent with this opinion.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices